1  DANIEL RAY BACON, ESQUIRE, State Bar # 103866
   LAW OFFICES OF DANIEL RAY BACON
2  234 Van Ness Avenue
   San Francisco, California 94102-4515
3  Telephone: (415) 864-0907
   Facsimile: (415) 864-0989
4
   Attorney for Plaintiff
5  MARILYN LEE

6              UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  MARILYN LEE,                    **C 07    2540**

10    Plaintiff,                   )  CASE NO.
                                   )
11  vs.                            )  COMPLAINT FOR DAMAGES
                                   )  (Appeal of Agency Decision)
12  JOHN E. POTTER,                )
    UNITED STATES                  )  JURY DEMAND
13  POSTMASTER GENERAL, UNITED     )
    STATES POSTAL SERVICE,         )  Agency No. 66-000-0053-05
14  (CAPITAL METRO AREA), AGENCY,  )
    UNITED STATES OF AMERICA,      )  **ORIGINAL**
15                                 )
                                   )
16    Defendant.                   )
                                   )
17

18  COMPLAINT FOR COMPENSATORY DAMAGES AND OTHER RELIEF: [1] VIOLATION OF
19  TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U. S. C. S. 2000e ET SEQ
    pursuant to 29 Code of Federal Regulations 1614.408; [2] FRAUD; [3] NEGLIGENT
20  MISREPRESENTATION; [4] INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ; [5]
    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; [6] BREACH OF CONTRACT; [7]
21  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

22

23

24

25

26

27

28  COMPLAINT

1    Plaintiff alleges as follows:

2                                    I. PARTIES

3    1.  Plaintiff, MARILYN LEE, is an Asian American citizen of the United States, and has been

4    at all times relevant hereto a resident of Daly City, California, and is an EAS-14 Secretary who

5    served in the United States Postal Inspection Service at the San Francisco Division at the 390 Main

6    Street Facility, San Francisco, California, at the time Plaintiff filed her initial complaint against the

7    agency.

8    2.  Defendant John E. Potter is the Postmaster General of the United States in Washington, D.

9    C.

10                        II.  JURISDICTION AND VENUE

11    3.  This action arises under the provisions of 42 U. S. C. Sections 2000e et seq.  Jurisdiction

12    of this Court is invoked under 28 U. S. C Sections 1331 ("federal question"), 1343 (civil rights) to

13    secure protection of and to redress deprivation of rights secured by 42 U. S. C. Sections 2000e et.

14    seq., as amended, providing for compensatory and other relief against discrimination in employment

15    based upon race, disability, retaliation, and because the U.S. Government is a party.  Plaintiff appeals

16    the final agency decision, and the EEOC opinion attached hereto as exhibit A to this complaint,

17    pursuant to 29 Code of Federal Regulations 1614.408.

18    4.  Venue is proper in this district under 28 U. S. C. S. 1391(b) because the claims alleged

19    herein arose in this district.

20                III. FACTS COMMON TO ALL CAUSES OF ACTION

21    5.  Plaintiff began working for the United States Postal Inspection Service on or about

22    February 9, 1980.   In February of 2003, Plaintiff, a United States Postal Inspection Service [USPIS]

23    Employee for over 25 years, and 48 other employees, signed a petition against management for

24    Fraud, Waste, Abuse of authority, Mismanagement, and discrimination, based on the race of the

25    employee.  A true and correct copy of this petition is attached hereto and incorporated herein as

26    Exhibit A to this complaint.

27    6.  Plaintiff signed the petition because  management was showing favoritism and

28    **COMPLAINT FOR DAMAGES**                    2

1  discrimination in promoting employees.  Each one of the other signatories  who signed the petition

2  was promised confidentiality. Although Plaintiff  was promised confidentiality by Headquarters [HQ]

3  and local management, in approximately May 2003, someone released Plaintiff's name to Assistant

4  Inspector in Charge, Juliana Nedd, and Inspector in Charge, Alan Kiel.

5      7.  Nedd and Kiel, the two managers approached Plaintiff  in a public work area and told her

6  they were aware she signed the petition.  HQ and local managers, which included Deputy Chief

7  Michael Ahern and Ombudsman James Birch, then met with Plaintiff and others individually to hear

8  their complaints. The managers promised Plaintiff that there would be  no retaliation, no transfer, no

9  demotion, no reassignment if she met with them. Said promises were confirmed in an email to

10 Plaintiff, and a true and correct copy of this email is attached hereto and incorporated herein as

11 Exhibit B to this complaint.    Their meeting was at the San Francisco Marriott Hotel Conference

12 Room in June 2003. Subsequently the local managers, Inspectors Alan Kiel, Juliana Nedd, and

13 Gregory Gamache were removed from the Division and the interim Inspector in Charge position was

14 assigned to W. P. Atkins.

15      8.  Plaintiff  was removed involuntarily from her position on June 15, 2004  by Inspector in

16 Charge W. P. Atkins as a Secretary [Level EAS-14] and placed in a lateral position of Inspection

17 Service Operations Coordinator [ISOC] (aka Supervisor) of the Administration Center, without any

18 prior training in supervision.   The position was never posted or offered to other employees pursuant

19 to agency regulations and procedures and the position provided no additional pay for plaintiff despite

20 the additional duties of supervision of employees.  Other trained supervisors were available to the

21 agency's department for this position, but Defendant refused to follow agency procedures for posting

22 and selecting individuals for this position.  The ISOC position caused great emotional distress to

23 Plaintiff, who  was threatened with termination if she continued to request to be returned to her prior

24 secretarial position and not continue to be placed in the  ISOC position.

25      9.  On June 21, 2005 Plaintiff was told that she would not be returned to her previous

26 position.  Plaintiff then complained of her involuntary transfer in a telephone call made on July 27,

27 2005 (See Information for Pre-Complaint Counseling, Counselor's Report, which is attached hereto

28 **COMPLAINT FOR DAMAGES**          3

1  and incorporated herein as Exhibit C-1 thru C-3 to this complaint), some 38 days after she was
2  informed that she would not be returned to her previous job.

3      10.  Plaintiff protested the discriminatory practices and made a complaint of discriminatory
4  "bias" against the agency in promoting employees.   Bias and discrimination under Title VII which
5  refers to race is unlawful and Plaintiff and the other signatories protested promotion of employees
6  based on color and bias. Plaintiff made timely complaints of illegal discrimination and retaliatory
7  actions within 45 days pursuant to  29 CFR § 1614.105(a)(1)

8      11.  Plaintiff, MARILYN LEE ("LEE"), is employed as an EAS-14, Secretary, with the
9  United States Postal Inspection Service, and has been at all times relevant hereto, employed by
10  Defendant in said position. Plaintiff's duties as a Secretary were typing and managing software
11  programs. Plaintiff made travel reservations, conference calls, arranged meetings and refreshments.
12  Plaintiff updated managers' calendars and updated personnel changes in Inspection Service
13  Integrated System [ISIIS].  Plaintiff was responsible for ordering mementos for conferences and
14  retirements. Plaintiff also tracked conference expenses for budgetary purposes and reimbursements.
15  Plaintiff screened all telephone calls and informed management personnel of events and meetings
16  with the Post Office and federal law enforcement agencies, as well as local police and sheriff
17  agencies. Plaintiff kept confidential records and typed confidential documents and letters. Plaintiff
18  prepared award evaluations and tracked them for budgetary purposes.  Plaintiff maintained
19  confidential funds and was responsible for call signs, duty dates and directories. Plaintiff also kept
20  the Division abreast of changes and information and supported the management staff in their
21  operations of the entire division. Plaintiff, having been a long-standing confidential secretary serving
22  five high level managers, was often characterized as running the division.

23      12.  On July 27, 2005, Plaintiff filed an Equal Employment Opportunity (EEO) complaint.
24  The Agency acknowledged its receipt of the complaint on September 30, 2005 in a letter to Plaintiff
25  dated October 19, 2005. The Agency subsequently accepted for investigation Plaintiff's complaint
26  that she had been discriminated against based on her race (Asian American), retaliation, disability,
27  after she had been involuntarily transferred to the position of Administrative Center Supervisor or

28  **COMPLAINT FOR DAMAGES**          4

1 Inspection Service Operations Coordinator (ISOC) on June 15, 2004 and then told on June 21, 2005
2 that she would not be returned to her assignment of Secretary. Said refusal to return plaintiff to her
3 position of secretary was in violation of federal regulations regulating short term assignments and
4 motivated by retaliation, race, disability, and hostile work environment and was disparate treatment
5 of plaintiff in violation of Title VII of the Civil Rights Act. The refusal to return Plaintiff to her
6 Secretary position caused great emotional distress to plaintiff. Plaintiff suffered a work place injury
7 as a result of Defendant's actions which caused Plaintiff to become disabled and resulted in a finding
8 in her favor with the United States Department of Labor's Office of Workers Compensation
9 Programs on January 30, 2006.    The Defendant Agency refused to investigate Plaintiff's claims of
10 hostile work environment and cancellation of Plaintiff's OIG detail and Plaintiff objected to the
11 agency's refusal to investigate all claims contained in her EEO complaint.    Plaintiff was given
12 approved OIG detail to begin on April 30, 2005 and said detail was approved by Inspector in Charge
13 W. P. Atkins on Saturday, April 16, 2005. On Tuesday, April 19, 2005, Defendant cancelled
14 plaintiff's OIG detail stating that OIG must pay for Plaintiff's detail assignment. Said statements
15 regarding the cancellation of Plaintiff's OIG detail were false since The San Francisco Division of the
16 Postal Inspection paid for other employees in the department to work detail assignments.

17        13. At the conclusion of the investigation of Plaintiff's EEO complaint, complainant timely
18 requested a hearing before an EEOC Administrative Judge (AJ). However, the AJ assigned to the
19 case determined *sua sponte* that the complaint did not warrant a hearing and over Plaintiff's
20 objections, issued a decision without a hearing on May 3, 2006.

21        14. On or about May 17, 2006, the EEOC AJ issued its final order concerning Plaintiff's EEO
22 complaint and concluded that Plaintiff **had not proven** that she was subjected to conduct in violation
23 of Title VII and ruled against plaintiff, even though Plaintiff had never been given any hearing in
24 which to prove a violation of Title VII.

25        15. On June 19, 2006, Plaintiff filed an appeal from the EEOC's AJ's May 17, 2006 final
26 order concerning Plaintiff's equal employment Opportunity (EEO) complaint alleging employment
27 discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42

28  **COMPLAINT FOR DAMAGES**          5

1  U.S.C. Section 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act),
2  as amended, 29 U.S.C. Section 791 et seq.

3       16. On March 16, 2007, The United States Equal Employment Opportunity Commission,
4  Office of Federal Operations, in Washington, D.C. affirmed the EEOC's AJ's decision to dismiss the
5  complaint without a hearing and said Decision is attached hereto and incorporated herein as Exhibit
6  D-1 thru D-9 to this complaint.  Plaintiff appeals for a de novo trial to this federal court.

7       17. Plaintiff Lee timely complained of illegal discriminatory and retaliatory conduct and has
8  not been given any hearing or permitted to conduct any discovery regarding the false and misleading
9  statements of the postal agency investigators and without any opportunity to prove her case. Plaintiff
10  complained to the agency on July 27, 2005 and again on August 13, 2005 and thus met the statutory
11  requirements for a complaint of race/retaliatory discrimination in a timely manner pursuant to 29
12  CFR Section 1614.105(a)(1) which requires that complaints of discrimination be brought to the
13  attention of an EEO counselor within 45 days of the date of the matter alleged to be discriminatory
14  or, in the case of a personnel action, within 45 days of the effective date of the action. The effective
15  date of the personnel action does not start the limitations period when the employee is not notified
16  and is otherwise unaware of the personnel action.

17       18. . Plaintiff's Equal Employment Opportunity complaint filing was within the 45 days of the
18  date of June 21, 2005, when she first learned of the agency's refusal to return plaintiff to her previous
19  position of Secretary, i.e., notice as  required by 29 CFR Sec. 1614.105(a)(1)and was thus a timely
20  filed complaint.

21       19. Plaintiff's allegations of retaliation related to her prior complaints of bias and
22  discrimination are thus protected activities and Prohibited Personnel Practices and violate Title VII.

23

24                            **FIRST CAUSE OF ACTION**
                    **(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**
25                          **ACT OF 1964, AS AMENDED;**
                          **42 U. S. C. S. 2000e ET SEQ.)**
26
        20. Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 119 inclusive,
27

28  **COMPLAINT FOR DAMAGES**            6

1  of this complaint and makes them a part of this instant Cause of Action as though fully set forth

2  herein

3      21.  By its conduct as aforesaid, Defendant discriminated against Plaintiff Lee because of her

4  race (Asian American), her disability, and retaliated against Plaintiff, all in violation of Title VII of

5  the Civil Rights Act of 1964, as amended.

6      22.  Title VII of the Civil Rights Act of 1964, 42 U. S. C. S. 2000e-2(a), as amended, makes it

7  an unlawful employment practice for an employer to discriminate or retaliate against an individual

8  with respect to that individual's terms or conditions of employment because of such individual's race

9  or prior protected activities.

10      23.  The conduct of Defendant in refusing and failing to return Plaintiff Lee to her prior

11  position of EAS-14 Secretary after she had been told that the transfer was temporary, and all of the

12  above alleged conduct, violated the aforementioned Title VII of the Civil Rights Act of 1964, as

13  amended, and Plaintiff was damaged thereby.

14      24.  On July 27, 2005, Plaintiff contacted the agency regarding the discrimination and

15  retaliation that she had encountered with the defendant agency, alleging discrimination and retaliation

16  in violation of Title VII of the Civil Rights Act of 1964, as amended.  On August 13, 2005, plaintiff

17  filed a formal complaint with the agency regarding her failure to be returned to her previous position.

18      25. On March 20, 2007, the EEOC issued its approval of the final agency decision (Exhibit D-

19  1 thru D-9 to this complaint) which notified plaintiff of her right to file a private lawsuit on her

20  above mentioned discrimination complaint.

21      26.  Defendant's actions as alleged herein toward Plaintiff are as a result of Plaintiff's race,

22  disability and in retaliation for her protected activity and such actions are all in violation of 42 U. S.

23  C. Sections 2000e et seq., as amended, and constitute employment practices in violation thereof. By

24  acting as herein above alleged, Defendant followed and continues to follow a course, pattern,

25  practice, and policy of discriminating and retaliating against Plaintiff and such course, pattern,

26  practice and policy of conduct is and was known to and carried out by Defendant, under the direction

27  and with the knowledge, consent and permission of its agents and employees.  As a result of said

28  **COMPLAINT FOR DAMAGES**       7

1 practices, Defendant has committed unlawful employment practices against Plaintiff.

2    27. The wrongful conduct of Defendant towards Plaintiff as alleged herein was and is a result
3 of Plaintiff's race, disability and in retaliation for her protected activity  and constitutes unlawful
4 employment practices in violation of 42 U. S. C. Section 2000e.

5    28. As a proximate result of Defendant's unlawful employment practices, Plaintiff has
6 suffered damages of lost wages, other employment benefits, and damages for humiliation,
7 embarrassment, mental and emotional distress and discomfort, as well as forcing her to incur
8 attorneys fees, costs and certain other incidental damages, all according to proof.

9    29. Plaintiff herein demands a trial by jury according to Rule 38 of the Federal Rules of Civil
10 Procedure of the above matters.

11    WHEREFORE, Plaintiff prays for damages and relief as hereinafter alleged;

12                                    **SECOND CAUSE OF ACTION**

13                                              **(FRAUD)**

14    30. PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 29,
15 inclusive, in this complaint and makes them a part of this instant cause of action as though fully set
16 forth herein.

17    31.   Prior to her accepting employment and continuing throughout her career, the
18 DEFENDANT made representations to PLAINTIFF that the DEFENDANT  was an equal
19 opportunity employer.  The DEFENDANT also made representations that if PLAINTIFF believed
20 herself to be discriminated against based on protected characteristics such as her race, disability, or
21 retaliation based on protected activity, DEFENDANT would conduct a full and fair investigation
22 into PLAINTIFF's complaints. Defendant also made representations during Plaintiff's employment
23 that  Plaintiff would suffer no retaliation, no transfer, no demotion, no reassignment if she met with
24 them. Said promises were confirmed in an email to Plaintiff.    These representations were, in fact,
25 false.

26    32.   The DEFENDANT made the aforesaid representations with the intention to deceive and
27 defraud PLAINTIFF and/or with the expectation that PLAINTIFF would act in reliance upon said

28   **COMPLAINT FOR DAMAGES**                    8

1 representations.

2    33.    PLAINTIFF did, in fact, rely on the DEFENDANT'S false representations by agreeing
3 to and meeting with her managers to discuss the concerns outlined in the petition which Plaintiff had
4 signed and in continuing to work at Defendant agency for over twenty-five years without seeking
5 other employment.

6    34.    As a proximate result of the DEFENDANT'S fraudulent representations, PLAINTIFF
7 has suffered damages due to lost job opportunities, lost educational opportunities, lost possibility of
8 promotion and advancement in her chosen career. PLAINTIFF further suffered humiliation,
9 embarrassment, mental and emotional distress and discomfort as the proximate result of the
10 DEFENDANT'S fraudulent representations, as well as forcing her to incur attorney fees, costs and
11 certain other incidental damages, all according to proof.

12    35.    The actions of DEFENDANT as alleged herein were done with malice and oppression,
13 and fraud, and in reckless disregard of plaintiff's rights under Title VII and other laws as alleged
14 herein. Specifically, DEFENDANT'S management deceived plaintiff into believing that her
15 employment was protected against such discriminatory or retaliatory practices and that any
16 discriminatory or retaliatory practices were prohibited . Instead, DEFENDANT forced Plaintiff into
17 an unwanted position and involuntarily transferred her to a position which required supervision of
18 other employees and contained work responsibilities not desired by plaintiff. Plaintiff was not
19 trained to supervise other employees and the assignment caused her great emotional distress.

20    WHEREFORE, PLAINTIFF prays for judgment against the DEFENDANTS as hereinafter
21 alleged;

22                              **THIRD CAUSE OF ACTION**
23                          **NEGLIGENT MISREPRESENTATION**

24

25    36.    PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 35,
26 inclusive, of this complaint and makes them a part of this instant cause of action as though fully set
27 forth herein.

28 **COMPLAINT FOR DAMAGES**                    9

1     37.    Prior to her accepting employment and continuing throughout her career, the

2  DEFENDANT made representations to PLAINTIFF that the DEFENDANT was an equal

3  opportunity employer. The DEFENDANT also made representations that if PLAINTIFF believed

4  herself to be discriminated against or retaliated against that Defendant would conduct a full and fair

5  investigation into PLAINTIFF's complaints. Defendant also promised and made representations

6  during Plaintiff's employment that Plaintiff would suffer no retaliation, no transfer, no demotion, no

7  reassignment if she met with Defendant's agents and discussed the concerns contained in the petition.

8  Said promises were confirmed in an email to Plaintiff These representations were, in fact, false.

9     38.    The DEFENDANT made the aforesaid representations despite the fact that it knew or

10  should have known that such representations were, in fact, false.

11     39.    PLAINTIFF did, in fact, rely on the DEFENDANT'S false representations by

12  accepting employment at Defendant's agency and continuing to work at Defendant's Agency. for

13  over twenty-five years without seeking other employment. Plaintiff also met with Defendant's agents

14  to discuss the content of the petition based on the express representations that Plaintiff would not

15  suffer any retaliation or transfer.

16     40.    As a proximate result of the DEFENDANT'S fraudulent representations, PLAINTIFF

17  has suffered damages due to lost job opportunities, lost educational opportunities, lost possibility of

18  promotion and advancement in her chosen career. PLAINTIFF further suffered humiliation,

19  embarrassment, mental and emotional distress and discomfort as the proximate result of the

20  DEFENDANT'S fraudulent representations, as well as forcing her to incur attorney fees, costs and

21  certain other incidental damages, all according to proof.

22     WHEREFORE, PLAINTIFF prays for judgment against the DEFENDANTS as hereinafter

23  alleged;

24                   **FOURTH CAUSE OF ACTION**

25       **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

26

27     41.    PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 40,

28  **COMPLAINT FOR DAMAGES**         10

1  inclusive, of this complaint and makes them a part of this instant cause of action as though fully set
2  forth herein.

3      42.    The aforementioned conduct of the DEFENDANT was intentional and
4  malicious and done for the purpose of causing PLAINTIFF to suffer emotional distress.
5  Defendants' actions were beyond all forms of human decency and had no legitimate business
6  justification.

7      43. As a proximate result of the DEFENDANT'S aforementioned acts, PLAINTIFF suffered
8  severe mental and emotional distress, and upset.  As a result of same, PLAINTIFF claims damages
9  for emotional distress and all lost employment benefits, all according to proof at trial.    Defendant
10  was aware of the severe emotional distress the forced  reassignment caused Plaintiff, yet Defendant
11  did not offer any Employee Assistance Program Assistance or assist Plaintiff in any way.   Defendant
12  unsuccessfully challenged Plaintiff's Workers Compensation filing.

13      44.    At all times herein mentioned, and in acting as alleged herein DEFENDANT knew that
14  its acts were unlawful and constituted oppression, fraud or malice or a conscious disregard of the
15  rights of PLAINTIFF.  DEFENDANT so acted intentionally without regard to and harming
16  PLAINTIFF.

17      WHEREFORE, PLAINTIFF prays for judgment against the DEFENDANTS as hereinafter
18  alleged;

19                  **FIFTH CAUSE OF ACTION**

20           **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

21

22      45.    PLAINTIFF hereby adopts and incorporates by reference paragraphs 1 through 44,
23  inclusive, of this complaint and makes them a part of this instant cause of action as though fully set
24  forth herein.

25      46.    When DEFENDANT  acted as aforementioned, it was foreseeable that its actions would
26  cause serious emotional distress to PLAINTIFF.  Notwithstanding its knowledge of same, or the fact
27  that it should have known that such a result would probably occur, DEFENDANT continued in its

28  **COMPLAINT FOR DAMAGES**          11

1 course of wrongful conduct as alleged herein.

2      47.     The above-said acts of DEFENDANT, constituted a negligent infliction of emotional

3           distress on PLAINTIFF.  PLAINTIFF suffered severe mental and emotional distress,

4           and upset.  As a result of same, PLAINTIFF claim damages according to proof at trial.

5      WHEREFORE, PLAINTIFF prays judgment against DEFENDANT, as   hereinafter alleged;

6

7                                **SIXTH CAUSE OF ACTION**

8                                  **BREACH OF CONTRACT**

9

10      48.     Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 47,

11 inclusive, of this complaint and makes them a part of this instant cause of action as though fully set

12 forth herein.

13      49.     In setting the terms and conditions of PLAINTIFF's employment, including making

14 verbal and written representations to PLAINTIFF that DEFENDANT was an equal opportunity

15 employer, the DEFENDANT and PLAINTIFF entered into a contract of employment.  Included in

16 the terms of such employment was an express and implied agreement that DEFENDANT would not

17 discriminate or retaliate against PLAINTIFF based on her race, disability or protected activity.

18      50.     In doing the acts alleged above, DEFENDANT breached its contract with PLAINTIFF.

19 At all times relevant hereto PLAINTIFF has performed all conditions, covenants, and duties required

20 of her as part of her contract of employment with the DEFENDANT.

21      51.     As a proximate result of  the DEFENDANT'S breach of her employment contract

22 PLAINTIFF has suffered damages due to lost regular wages and employment benefits according to

23 proof.   The DEFENDANT'S breach of PLAINTIFF's contract of employment has forced her to incur

24 attorney fees, costs and certain other incidental damages, all according to proof.

25      WHEREFORE, Plaintiff prays for judgment against  the DEFFNDANTS as hereinafter

26 alleged;

27

28   **COMPLAINT FOR DAMAGES**              12

1

2

3

4

## SEVENTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

5      52.      Plaintiff hereby adopts and incorporates by reference paragraphs 1 through 51,

6  inclusive, of this complaint and makes them a part of this instant cause of action as though fully set

7  forth herein.

8      53.      PLAINTIFF's employment contract with the DEFENDANT contains an implied

9  covenant of good faith and fair dealing whereby each party agrees to refrain from acts which would

10  cause the other party to lose the benefits under the contract it bargained for.

11      54.      By doing the above alleged acts, the DEFENDANT has breached the covenant of good

12  faith and fair dealing by preventing PLAINTIFF from having the pay, benefits, and opportunities she

13  reasonably expected to receive pursuant to her employment contract with the DEFENDANT .

14      55.      As a proximate result of the DEFENDANT'S breach of the covenant of good faith

15  and fair dealing, PLAINTIFF has suffered damages due to lost regular wages and employment

16  benefits according to proof.  The DEFENDANT'S breach of the covenant of good faith and fair

17  dealing with PLAINTIFF has forced Plaintiff to incur attorney fees, costs and certain other incidental

18  damages, all according to proof.

19

20      WHEREFORE, Plaintiff prays for judgment against Defendant John E. Potter, Postmaster

21  General, United States Postal Service (Capital-Metro Area), Agency of the United States, United

22  States Government, as follows:

23      1. For general and special damages according to proof;

24      2. For reasonable attorney fees (pursuant to 42  U. S. C. S. 2000e-5(k), 2000e-5(g)(5)(B);

25      3. For all costs of suit herein incurred;

26  ////

27  ////

28  **COMPLAINT FOR DAMAGES**                13

1    4. For such other and further relief as the Court may deem proper.

2    Dated: May 8, 2007                LAW OFFICES OF DANIEL RAY BACON
3

4

5                                DANIEL RAY BACON
                                 ATTORNEY FOR PLAINTIFF
6                                MARILYN LEE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **COMPLAINT FOR DAMAGES**                14

January 2003

Inspector Birch:

We, the undersigned, are concerned about the negative morale in the Division, which appears to be a result of management decisions based on personal agendas and biases, rather than the best interests of the Division and its employees. Numerous management decisions appear to lack consideration of: Division resources, territory constraints, budgetary concerns, the realistic need for certain teams in the Division, fair and impartial treatment of employees, and treating employees with dignity and respect. We do not feel that employees are valued and respected for their knowledge and experience, nor can we freely express an opinion which differs from management, without fear of retaliation.

We respectfully request an independent investigation into the underlying reasons for the low morale, and the less than optimum working conditions in Division. We believe many people agree with our concerns but are afraid to come forward. We request that our names remain confidential, but will willing speak to someone regarding our specific knowledge of conditions and behavior in this Division which have contributed to the negative climate.

**SIGNATURE**                    **PRINTED NAME**

Marilyn Lee

Exhibit _4_
Page _1_ of _1_

pg. 3 of 5

Ex. A                    Exhibit 5A

## Lee, Marilyn N

| | |
|---|---|
| **From:** | Birch, James W |
| **Sent:** | Friday, June 13, 2003 7:31 AM |
| **To:** | Lee, Marilyn N |
| **Subject:** | RE: Guarantee |

I will tell them in person when I see them on Monday.........thanks.

-----Original Message-----
**From:** Lee, Marilyn N
**Sent:** Friday, June 13, 2003 10:28 AM
**To:** Birch, James W
**Subject:** RE: Guarantee

Thank you. I would like John Wisniewski and Mike Ahern to come. Please tell them that the Chief would like to meet with them privately at the hotel that day and I don't want them to tell Alan Kiel of our meeting.

-----Original Message-----
**From:** Birch, James W
**Sent:** Friday, June 13, 2003 7:13 AM
**To:** Lee, Marilyn N
**Subject:** RE: Guarantee

Marilyn........you have the absolute right to speak with me, your INC, your DCI, etc at any time. Asking for a meeting and then presenting points in a professional, constructive manner is something we wish all employees would do. Rather than retaliation. we should be thanking you for coming forward and sharing your concerns.

That being said........yes.......I can guarantee that meeting with myself, or Acting INC, or DCI, or any combination, will not result in a demotion, reassignment, or removal.

$Ex.$ B

| U.S. Postal Service | Certified Mail No. | Date Mailed  *or*  Hand Delivered on |
|---|---|---|
| | 7003 0500 0003 8754 2262 | **August 1, 2005** |
| **Information for Pre-Complaint Counseling** | By *(Initials)*  **DM** | Case No. |

On  **July 27, 2005**  , you requested an appointment with a Dispute Resolution Specialist.
 *(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

| Name *(Last, First, MI)*  **Lee, Marilyn** | Social Security  **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** | Home Telephone No.  **650-755-1443** |
|---|---|---|

Your Mailing Address  Daly City  **951 Bradley Drive; ~~Daisy City~~, CA  94015-3667**  
Finance Number  05-8526

Name of Postal Facility Where You Work  *Embarcadero Postal Center*  
Office Telephone No.  (415) 778-5894

Address of Postal Facility  *390 Main St. 3rd Flr. San Francisco 94105*  
Email Address*  *therefmlee@aol.com*

Employment Status *(Check One)*  
☐ Applicant   ☐ Casual   ☐ TE   ☒ Career  
Position Title  *Secretary*  
Grade Level  EAS-14

| Pay Location  ZOO | Tour  II | Duty Hours  7:30am - 4pm | Off Days *(If Tour I, Show Nights Off)*  Sat. + Sun | Time in Current Position  13 Years ___ Months |
|---|---|---|---|---|

Your Supervisor's Name  *Sheilah N. Castor*  
Supervisor's Title  *Administrative Specialist*  
Supervisor's Telephone No.  (415) 778-5890

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.

What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

*See attached Statement and Exhibits*

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1.  On_____, I engaged in EEO activity. Case No.:_____
       (Month, Day, Year)

2.  On_____, I engaged in EEO activity. Case No.:_____
       (Month, Day, Year)

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On_____, 20___.
     Month, Day          Year

*See attached Form CA-2 dated August 10, 2005 and Statement of Marilyn Lee (24 pages w/23 exhibits)*

PS Form **2564-A**, March 2001 *(Page 1 of 3)*

*Ex. C-1*

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**1.**

_(Name of Employee)_ _____ Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

_See attached_

**2.**

_(Name of Employee)_ _____ Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

**3.**

_(Name of Employee)_ _____ Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _____

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name                          | b. Title        |
|-----------------------------------|-----------------|
| _See attached_                    |                 |
| c. Office                         | d. Grade Level  |
| 2a. Name                          | b. Title        |
| c. Office                         | d. Grade Level  |

_**Retaliation Allegations Only:**_ Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No ☐ Yes  If yes, explain how the official(s) became aware: _____

## F. Resolution

What are you seeking as a resolution to your pre-complaint?  _See attached_

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?  ☒ No  ☐ Yes   If yes, _____ _(Date)_ _____ _(Current Step)_

2. Filed a MSPB appeal on this issue?  ☒ No  ☐ Yes   If yes, _____ _(Date Appeal Filed)_

PS Form **2564-A**, March 2001 _(Page 2 of 3)_

Ex. C-2

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity? ☒ No    ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☒ I waive the right to representation at this time.    ☐ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title | |
|---|---|---|
| Organization | Telephone Number | Email Address∗ |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*

∗ Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here  Marilyn N. Lee

| Your Signature  *Marilyn N. Lee* | Date signed  8/12/05 |
|---|---|

**Please return this form to:**

> **MANAGER OF DISPUTE RESOLUTION**
> **EEO COMPLIANCE & APPEALS**
> **475 L'ENFANT PLAZA SW, ROOM 9431**
> **WASHINGTON, DC  20260-4135**
> **FAX: (202) 268-2816**

Ex. C- 3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Marilyn N. Lee,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
(Capital-Metro Area),
Agency.

Appeal No. 0120063870[1]

Hearing No. 550-2006-00013X

Agency No. 66-000-0053-05

DECISION

On June 19, 2006, complainant filed an appeal from the agency's May 17, 2006 final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.,* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.* The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission AFFIRMS the agency's final order.

BACKGROUND

At the time of events giving rise to this complaint, complainant worked in the agency's Postal Inspection Service (PIS), San Francisco Division. On August 1, 2005, complainant contacted an EEO Counselor. Subsequently, complainant filed a formal EEO complaint on September 30, 2005, alleging that she was discriminated against on the bases of race (Asian), sex (female), disability (stress), and in reprisal for prior protected EEO activity when:

---

[1] Due to a new data system, this case has been redesignated with the above referenced appeal number.

Ex. D-1

2                                                      0120063870

(1)    in February 2003, she signed a petition that resulted in the removal of three PIS managers;

(2)    in June 2003, she participated in a meeting with managers investigating the petition;

(3)    on June 19, 2005, her request to be placed back into her bid job was denied; and

(4)    on July 15, 2005, she was informed that she would be scheduled for a fitness-for-duty examination.

At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing. The AJ assigned to the case determined *sua sponte* that the complaint did not warrant a hearing and over complainant's objections, issued a decision without a hearing on May 3, 2006. The agency subsequently issued a final order adopting the AJ's finding that complainant failed to prove that she was subjected to discrimination as alleged.

## AJ'S DECISION AND THE AGENCY'S FINAL ORDER

In her decision, the AJ dismissed claims one and two of complainant's complaint for untimely EEO counselor contact and for failure to state a claim. With regard to claims three and four, the AJ found that the agency articulated legitimate, nondiscriminatory reasons for its actions. Specifically, the AJ found that management placed complainant in the Operations Coordinator position in June 2005, because there was a need for a competent supervisor in the Administrative Support Center. Management also testified that it wanted to offer complainant a detail that would give her some supervisory experience. Management further testified that it denied complainant's requests to be reassigned out of that position because she was doing an excellent job and there was no viable replacement. The agency noted that complainant performed better in this position than her predecessor. The agency also noted that it could not reduce the effectiveness and operational efficiency of the division just to cater to complainant's preferences. Concerning the fitness-for-duty examination, the AJ found that management took this action after complainant communicated to a manager that she considered harming herself and leaving a note behind stating that management was to blame. The AJ noted that management's response to complainant's alarming statements, coupled with highly emotional demeanor on several occasions, appeared reasonable. The AJ also noted that a manager visited complainant at home out of concern about her state of mind. The AJ also found that complainant failed to establish that the agency's proffered reasons were a pretext for unlawful employment discrimination/retaliation.

The agency's final order implemented the AJ's decision.

Ex. D - 2

0120063870

## CONTENTIONS ON APPEAL

In her appeal dated July 18, 2006, complainant contends, among other things, that she established a *prima facie* case of retaliation. Complainant also contends that the AJ erred in finding that the agency articulated legitimate, nondiscriminatory reasons for its actions.

The agency requests that we affirm its final order.

## STANDARD OF REVIEW

In rendering this appellate decision we must scrutinize the AJ's legal *and* factual conclusions, and the agency's final order adopting them, *de novo*. *See* 29 C.F.R. § 1614.405(a) (stating that a "decision on an appeal from an agency's final action shall be based on a *de novo* review . . ."); *see also* EEOC Management Directive 110, Chapter 9, § VI.B. (November 9, 1999). (providing that an administrative judge's "decision to issue a decision without a hearing pursuant to [29 C.F.R. § 1614.109(g)] will be reviewed *de novo*"). This essentially means that we should look at this case with fresh eyes. In other words, we are free to accept (if accurate) or reject (if erroneous) the AJ's, and agency's, factual conclusions and legal analysis – including on the ultimate fact of whether intentional discrimination occurred, and on the legal issue of whether any federal employment discrimination statute was violated. *See id*. at Chapter 9, § VI.A. (explaining that the *de novo* standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

Procedural Analysis – Claims One and Two

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action.

In the instant case, the Commission concludes that the agency properly dismissed claims one and two for untimely EEO counselor contact. The record reflects that the alleged discriminatory acts occurred in February and June 2003, but complainant did not seek EEO counseling until August 2005, which is beyond the 45-day limitation period. We find no adequate justification in the record to warrant an extension of time.

$Ex. D-3$

4                                    0120063870

### ANALYSIS AND FINDINGS

We must first determine whether it was appropriate for the AJ to have issued a decision
without a hearing on this record. The Commission's regulations allow an AJ to issue a
decision without a hearing when he or she finds that there is no genuine issue of material fact.
29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure
set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has
held that summary judgment is appropriate where a court determines that, given the substantive
legal and evidentiary standards that apply to the case, there exists no genuine issue of material
fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). In ruling on a motion for
summary judgment, a court's function is not to weigh the evidence but rather to determine
whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party
must be believed at the summary judgment stage and all justifiable inferences must be drawn in
the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such
that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett,*
477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.,* 846 F.2d 103, 105 (1st Cir.
1988). A fact is "material" if it has the potential to affect the outcome of the case.

If a case can only be resolved by weighing conflicting evidence, issuing a decision without
holding a hearing is not appropriate. In the context of an administrative proceeding, an AJ
may properly consider issuing a decision without holding a hearing only upon a determination
that the record has been adequately developed for summary disposition. *See Petty v.
Department of Defense*, EEOC Appeal No. 01A24206 (July 11, 2003). Finally, an AJ should
not rule in favor of one party without holding a hearing unless he or she ensures that the party
opposing the ruling is given (1) ample notice of the proposal to issue a decision without a
hearing, (2) a comprehensive statement of the allegedly undisputed material facts, (3) the
opportunity to respond to such a statement, and (4) the chance to engage in discovery before
responding, if necessary. According to the Supreme Court, Rule 56 itself precludes summary
judgment "where the [party opposing summary judgment] has not had the opportunity to
discover information that is essential to his opposition." *Anderson*, 477 U.S. at 250. In the
hearing context, this means that the administrative judge must enable the parties to engage in
the amount of discovery necessary to properly respond to any motion for a decision without a
hearing. *Cf.* 29 C.F.R. § 1614.109(g)(2) (suggesting that an administrative judge could order
discovery, if necessary, after receiving an opposition to a motion for a decision without a
hearing).

The Administrative Judge concluded that, other than complainant's own subjective belief that
she was subjected to unlawful employment discrimination, she did not present sufficient
evidence from which a reasonable fact-finder could conclude that any of the agency's actions
were based on any of her protected groups. The Administrative Judge thus determined that a
hearing was not required because there were no genuine issues of material fact in dispute.

Ex. D-4

5                                               0120063870

Disparate Treatment Analysis – Claim Three

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct.[2] *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997); *Pavelka v. Department of the Navy*, EEOC Request No. 05950351 (December 14, 1995).

The Commission concludes that that the AJ correctly determined that the agency did not discriminate against complainant on the bases of race, sex, disability and/or in reprisal. In reaching this conclusion, we find that the agency articulated legitimate, nondiscriminatory reasons for its actions. The Commission also finds that complainant did not establish that more likely than not, the agency's articulated reasons for its actions were a pretext to mask unlawful discriminatory animus and/or retaliatory motive. The Commission further finds that the record indicates that other than complainant's own assertions, there is no evidence that unlawful employment discrimination/retaliation occurred.

Medical Examination Analysis – Claim Four

The Rehabilitation Act was amended in 1992 to apply the standards of the Americans with Disabilities Act (ADA) to complaints of discrimination by federal employees or applicants for employment. *See* Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (Enforcement Guidance – Disability Related Inquiries), No. 915.002 (July 26, 2000); and Enforcement Guidance on the Americans with Disabilities Act and Psychiatric Disabilities (March 25, 1997). Because the restrictions on employers with regard to disability-related inquiries and medical examinations apply to all employees, and not just to those with disabilities, it is not necessary to inquire whether the employee is a person with a disability. Enforcement Guidance –

---

[2] Because we find that the agency has articulated legitimate, nondiscriminatory reasons for its actions, we do not reach the issue of whether complainant is a qualified individual with a disability.

*Ex. D-5*

6                                          0120063870

Disability Related Inquiries, p. 3. Instead, we focus on the issue of whether the agency's scheduling complainant for a fitness-for-duty examination was lawful.

The Rehabilitation Act places certain limitations on an employer's ability to make disability-related inquiries or require medical examinations of employees only if it is job-related and consistent with business necessity. 29 C.F.R. §§ 1630.13(b), .14(c). Generally, a disability-related inquiry or medical examination of an employee may be "job-related and consistent with business necessity" when an employer "has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential job functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition." Enforcement Guidance – Disability-Related Inquiries, at 15 – 16. It is the burden of the employer to show that its disability-related inquiries and requests for examination are job-related and consistent with business necessity. *Id.* at 15 – 23.

The record indicates that, in January 2003, complainant signed a petition with 48 other employees requesting that the agency investigate management for creating poor morale and making decisions based on personal agendas and biases. Soon after receiving this petition, the agency replaced several managers. The record also indicates that, in June 2005, complainant was reassigned to a supervisory position as an Operations Coordinator. The record establishes that complainant became unhappy with this new supervisory assignment. The AJ found that the request for a fitness-for-duty examination was brought about because the agency had a genuine concern about complainant's state of mind. In this regard, the AJ cited complainant's expression of her unhappiness to the Acting Assistant Inspector-in-Charge when she told her that she had become so distraught that she considered harming herself and leaving a letter behind stating that it was management's fault.

Based on the foregoing, the AJ found that the agency met its burden of showing that its decision to order complainant to undergo a fitness-for-duty examination was job-related and consistent with business necessity. Accordingly, we find that the agency did not violate the Rehabilitation Act.

## CONCLUSION

Therefore, after a careful review of the record, including complainant's contentions on appeal, the agency's response and arguments and evidence not specifically addressed in this decision, the agency's final action is hereby AFFIRMED.

Ex. D - 6

7                                    0120063870

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

$Ex. D-7$

8                                    0120063870

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR **1 6** 2007
_____
Date

Ex. D - 8

9                                                    0120063870

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Marilyn N. Lee
951 Bradley Drive
Daly City, CA  94015

Daniel R. Bacon
234 Van Ness Avenue
San Francisco, CA  94102

U.S. Postal Service (Capital-Metro)
NEEOISO - Appeals
U.S. Postal Service
P.O. Box 21979
Tampa, FL  33622-1979

MAR **1 6** 2007

_____
Date

_____
Equal Opportunity Assistant

$Ex. D-9$

1

## <u>VERIFICATION</u>

2

3    I, MARILYN LEE, am the Plaintiff in this action.  I have read the foregoing Complaint and

4  know the contents thereof.  All facts alleged in the above Complaint are true of my own personal

5  knowledge, except for those allegations made therein upon information and belief and as to those

6  allegations, I am informed and believe that each and all of them are true.  I declare under penalty of

7  perjury under the laws of the United States, that the foregoing is true and correct and that this

8  document was executed by me on MAY 8, 2007 at San Francisco, California.

9

10                                        _____
                                         MARILYN LEE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **COMPLAINT FOR DAMAGES**                    14