Scott N. Schools (SCBN 990)
United States Attorney
Joann M. Swanson (SBN 88143)
Chief, Civil Division
James Scharf (CSBN 152171)
Assistant United States Attorney

   150 Almaden Blvd
   Suite 900
   San Jose, CA 95113
   Tel:  408-535-5044
   FAX: 408-535-5081
   james.scharf@usdoj.gov

Attorneys for Defendant John E. Potter,
United States Postmaster General

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARILYN LEE, <br><br>       Plaintiff, <br><br> vs. <br><br> JOHN E. POTTER, et al. <br><br>       Defendants. | CASE NO. C-07-2540 BZ <br><br> ANSWER OF DEFENDANT |

      Defendant, John E. Potter, United States Postmaster General, through counsel, James A. Scharf, Assistant United States Attorney, answers Plaintiff's complaint in like numbered paragraphs as follows:

## I. PARTIES

    1.    Deny based on lack of information and belief that at all times herein material plaintiff was a resident of Daly City, California.  Admit remainder of paragraph 1.

    2.    Admit.

## II. JURISDICTION AND VENUE

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

3. Defendant admits that the Court has jurisdiction over some of the plaintiff's claims pursuant to 42 U.S.C. ' 2000-e et.seq. Defendant denies the remaining allegations of paragraph 2 of the Complaint.

4. Admit that the claims alleged herein arose in the Northern District of California. Deny remaining allegations.

### III.  FACTS COMMON TO ALL CAUSES OF ACTION

5. Admit that plaintiff commenced postal employment on February 9, 1980. Further admit that in February 2003 plaintiff and 48 other employees signed a petition against management. Deny remaining allegations.

6. Deny.

7. Deny.

8. Deny.

9. Admit that plaintiff made a request for precomplaint counseling on July 27, 2005. Deny remaining allegations.

10. Admit that discrimination under Title VII which refers to race is unlawful. Deny remaining allegations.

11. Admit that plaintiff is employed by the US Postal Service as an EAS-14, Senior Secretary. Admit that some of plaintiff's duties are stated in paragraph 11, and assert that there is a specific job description for EAS-14. Deny remaining allegations.

12. Deny. Aver that plaintiff filed a formal complaint of discrimination on September 30, 2005. Further assert that plaintiff filed a claim for workers compensation in August 2005, which was accepted by the Department of Labor in February 2006.

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

13.   Admit first sentence. Aver that the Administrative Judge issued a Notice of Intent to Issue a Decision without a Hearing on February 27, 2006, ordering the parties to submit responses no later than March 14, 2006. Admit that a Decision without a Hearing was issued on May 3, 2006. Deny remaining allegations.

14.   Deny the date, and aver that on May 3, 2006 the Administrative Judge issued her decision without a hearing, granting summary judgment in favor of the agency, concluding plaintiff failed to demonstrate that the agency discriminated or retaliated against her.

15.   Admit that on June 19, 2006 plaintiff filed an appeal. Deny remaining allegation.

16.   Admit that the agency's final order was affirmed on March 16, 2007 by the Office of Federal Operations, of the US Equal Employment Opportunity Commission.

17.   Deny.

18.   Deny. Defendant asserts that plaintiff requested EEO counseling on August 1, 2005, alleging incidents of discrimination which occurred not only in 2005, but also two incidents which occurred in 2003.

19.   Deny.

FIRST CAUSE OF ACTION
(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964, AS AMENDED;
42 U.S.C. 2000e ET SEQ.)

20.   As for the allegations of paragraph 20, defendant asserts that there are not 119 paragraphs in the Complaint. In response to paragraph 20, defendant incorporates by reference its responses to paragraph 1 through 19 of the Complaint, as if fully set forth herein.

21.   Deny.

22.   Inasmuch as paragraph 22 states a conclusion of law, no response is required.

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

23.  Deny.

24.  Deny. Defendant asserts that plaintiff made an initial EEO contact on July 27, 2005. Defendant further asserts that plaintiff filed a formal complaint of discrimination on September 30, 2005 regarding, inter alia, her request to be returned to a secretarial position.

25.  Admit that Exhibit D sets forth a Statement of Complainant's Right to File a Civil Action.

26.  Deny.

27.  Deny.

28.  Deny.

29.  This paragraph states a demand for jury trial, to which no response is required.

## SECOND CAUSE OF ACTION
## (FRAUD)

30.  As for the allegations of paragraph 30, defendant incorporates by reference its responses to paragraph 1 through 29 of the Complaint, as if fully set forth herein.

31.  Deny that defendant Postmaster General made any specific representations to plaintiff, and denies all remaining allegations. Assert that the US Postal Service holds itself out as an independent establishment of the executive brand of the federal government and subject to applicable laws and regulations, which include Title VII of the Civil Rights Act, as amended.

32.  Deny.

33.  Deny.

34.  Deny.

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

35. Deny.

### THIRD CAUSE OF ACTION
### (NEGLIGENT MISREPRESENTATION)

36. As for the allegations of paragraph 36, defendant incorporates by reference its responses to paragraph 1 through 35 of the Complaint, as if fully set forth herein.

37. Deny that defendant Postmaster General made any specific representations to plaintiff and deny all remaining allegations. Assert that the US Postal Service holds itself out as an independent establishment of the executive brand of the federal government and subject to applicable laws and regulations, which include Title VII of the Civil Rights Act, as amended.

38. Deny.

39. Deny.

40. Deny.

### FOURTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

41. As for the allegations of paragraph 41, defendant incorporates by reference its responses to paragraph 1 through 40 of the Complaint, as if fully set forth herein.

42. Deny.

43. Deny.

44. Deny.

### FIFTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

45. As for the allegations of paragraph 45, defendant incorporates by reference its responses to paragraph 1 through 44 of the Complaint, as if fully set forth herein.

46. Deny.

47. Deny.

### SIXTH CAUSE OF ACTION
### (BREACH OF CONTRACT)

48. As for the allegations of paragraph 48, defendant incorporates by reference its responses to paragraph 1 through 47 of the Complaint, as if fully set forth herein.

49. Deny.

50. Deny.

51. Deny.

### SEVENTH CAUSE OF ACTION
### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

52. As for the allegations of paragraph 52, defendant incorporates by reference its responses to paragraph 1 through 51 of the Complaint, as if fully set forth herein.

53. Deny.

54. Deny.

55. Deny.

Defendant denies any and all allegations set forth in the remainder of the complaint and denies further that plaintiff is entitled to the relief prayed for, or any relief whatsoever.

All allegations not hereinbefore specifically admitted, denied, or modified, are hereby denied.

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

## AFFIRMATIVE DEFENSES

For further and separate answer, defendant alleges as follows:

1. Plaintiff is not entitled to maintain part of this suit by reason of this Court's lack of jurisdiction.

2. The Court lacks jurisdiction under 28 USC § 1331 and 1343.

3. Plaintiff fails to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust administrative remedies.

5. All actions of the United States Postal Service being challenged by plaintiff were taken for legitimate, nondiscriminatory and non-pretextual reasons.

WHEREFORE, defendant prays that:

1. The complaint be dismissed;

2. Plaintiff take nothing by this action;

Dated: August 2, 2007                    Respectfully submitted,

                                         SCOTT N. SCHOOLS
                                         United States Attorney


                                         _____/S/_____
                                         James A. Scharf
                                         Assistant U.S. Attorney

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**ANSWER OF DEFENDANT**

**<u>Marilyn Lee v. John E. Potter, et al.</u>**
**C 07-2540 BZ**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___ **PERSONAL SERVICE (BY MESSENGER)**

___ **FEDERAL EXPRESS via Priority Overnight**

___ **FACSIMILE (FAX)** Telephone No.: _See Below_____

to the party(ies) addressed as follows:

Daniel Ray Bacon, Esq.,
Attorney at Law
234 Van Ness Avenue,
San Francisco, CA  94102-4515

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 3, 2007 at San Francisco, California.

_____/s/_____
MANIK BOWIE
Legal Assistant

ANSWER OF DEFENDANT
Case No. C-07-2540 BZ