1   Daniel Ray Bacon, Esquire, SB # 103866
    LAW OFFICES OF DANIEL RAY BACON
2   234 Van Ness Avenue
    San Francisco, California 94102-4515
3   Telephone: (415) 864-0907
    Facsimile:  (415) 864-0989
4   Email:   bacondr@aol.com

5   ATTORNEYS FOR PLAINTIFF
    MARILYN N. LEE
6
    Scott N. Schools (SCBN 990)
7   United States Attorney
    Joann M. Swanson (SCBN 88143)
8   Chief, Civil Division
    James A. Scharf (CSBN 152171)
9   Assistant United States Attorney
    150 Almaden Blvd., Suite 900
10  San Jose, CA 95113
    Telephone: (408) 535-5044
11  Facsimile: (408) 535-5081
    Email: james.scharf@usdoj.gov
12
    ATTORNEYS FOR DEFENDANT
13  JOHN E. POTTER
    UNITED STATES POSTMASTER GENERAL
14

15

16                          UNITED STATES DISTRICT COURT

17                       NORTHERN DISTRICT OF CALIFORNIA

18                               OAKLAND DIVISION

19

20
    MARILYN N. LEE,                    )    CASE NO.  C-07-2540 SBA
21                                     )
            Plaintiff,                 )
22                                     )
        v.                             )    JOINT CASE MANAGEMENT
23                                     )    STATEMENT
    JOHN E. POTTER, UNITED STATES      )
24  POSTMASTER                         )
    GENERAL,                           )    DATE:    SEPTEMBER 27, 2007
25                                     )    TIME:    3:30 P.M.
            Defendant.                 )    PLACE:  BY TELEPHONE
26  _____ )

27
    JOINT CASE
28  MANAGEMENT STATEMENT

1    I.  JURISDICTION AND SERVICE:

2           The court has jurisdiction.  This action arises under the provisions of 42 U. S. C. Sections

3    2000e et seq.   Jurisdiction of this Court is invoked under 28 U. S. C Sections 1331 ("federal

4    question"), 1343 (civil rights) to secure protection of and to redress deprivation of rights secured

5    by 42 U. S. C. Sections 2000e et. seq., as amended, providing for compensatory and other relief

6    against discrimination in employment based upon race, disability, retaliation, and because the

7    U.S. Government is a party.  Plaintiff appealed the final agency decision, and the EEOC opinion

8    attached as exhibit A to the complaint, pursuant to 29 Code of Federal Regulations 1614.408.

9           Venue is proper in this district under 28 U. S. C. S. 1391(b) because the claims alleged

10   herein arose in this district.

11   II. FACTS.

12           Plaintiff alleges that:

13           Plaintiff began working for the United States Postal Service on or about February 9,

14   1980.   In February of 2003, Plaintiff, a United States Postal Inspection Service [USPIS]

15   Employee for over 25 years, and 48 other employees, signed a petition against management for

16   Fraud, Waste, Abuse of authority, Mismanagement, and discrimination, based on the race of the

17   employee.

18           Plaintiff signed the petition because  management was showing favoritism and

19   discrimination in promoting employees.  Each one of the other signatories  who signed the

20   petition was promised confidentiality. Although Plaintiff  was promised confidentiality by

21   Headquarters [HG] and local management, in approximately May 2003, someone released

22   Plaintiff's name to Assistant Inspector in Charge, Juliana Nedd, and Inspector in Charge, Alan

23   Kiel.

24           Nedd and Kiel, the two managers approached Plaintiff  in a public work area and told her

25   they were aware she signed the petition.   HQ and local managers, which included Deputy Chief

26   Michael Ahern and Ombudsman James Birch, then met with Plaintiff and others individually to

27   hear their complaints. The managers promised Plaintiff that there would be  no retaliation, no

28   JOINT CASE
     MANAGEMENT STATEMENT                1

1   transfer, no demotion, no reassignment if she met with them. Said promises were confirmed in an

2   email to Plaintiff.    Their meeting was at the San Francisco Marriott Hotel Conference Room in

3   June 2003. Subsequently the local managers, Inspectors Kiel, Nedd, Gregory, and Gamache were

4   removed from the Division and the interim Inspector in Charge position was assigned to W. P.

5   Atkins.

6        Plaintiff  was removed involuntarily from her position on June 15, 2004  by Inspector in

7   Charge W. P. Atkins as a Secretary [Level EAS-14] and placed in the position of Inspection

8   Service Operations Coordinator [ISOC] (aka Supervisor) of the Administration Center, without

9   any prior training in supervision.   The position was never posted or offered to other employees

10  pursuant to agency regulations and procedures and the position provided no additional pay for

11  plaintiff despite the additional duties of supervision of employees.  Other trained supervisors

12  were available to the agency's department for this position, but Defendant refused to follow

13  agency procedures for posting and selecting individuals for this position. The ISOC position

14  caused great emotional distress to Plaintiff, who  was threatened with termination if she

15  continued to request to be returned to her prior secretarial position and not continue to be placed

16  in the  ISOC position.

17        On June 21, 2005 Plaintiff was told that she would not be returned to her previous

18  position.  Plaintiff then complained of her involuntary transfer in a telephone call made on July

19  27, 2005 (Information for Pre-Complaint Counseling, Counselor's Report), some 38 days after

20  she was informed that she would not be returned to her previous job.

21        Plaintiff protested the discriminatory practices and made a complaint of discriminatory

22  "bias" against the agency in promoting employees.    Plaintiff timely complaints of illegal

23  discrimination and retaliatory actions within 45 days pursuant to  29 CFR § 1614.105(a)(1)

24        Plaintiff, MARILYN LEE ("LEE"), is employed as an EAS-14, Secretary, with the

25  United States Postal Inspection Service.  Plaintiff's duties as a Secretary were typing and

26  managing software programs.  Plaintiff made travel reservations, conference calls, arranged

27  meetings and refreshments.  Plaintiff updated managers' calendars and updated personnel

28  JOINT CASE
    MANAGEMENT STATEMENT              2

1  changes in the Inspection Service Integrated System ISIIS.  Plaintiff was responsible for ordering

2  mementos for conferences and retirements.  Plaintiff also tracked conference expenses for

3  budgetary purposes and reimbursements.  Plaintiff screened all telephone calls and informed

4  management personnel of events and meetings with the Post Office and federal law enforcement

5  agencies, as well as local police and sheriff agencies.  Plaintiff kept confidential records and

6  typed confidential documents and letters.  Plaintiff prepared award evaluations and tracked them

7  for budgetary purposes.   Plaintiff maintained confidential funds and was responsible for call

8  signs, duty dates and directories.  Plaintiff also kept the Division abreast of changes and

9  information and supported the management staff in their operations of the entire division.

10  Plaintiff, having been a long-standing confidential secretary serving five high level managers,

11  was often characterized as running the division.

12         On July 27, 2005, Plaintiff filed an Equal Employment Opportunity (EEO) complaint.

13  The Agency acknowledged its receipt of the complaint on September 30, 2005 in a letter to

14  Plaintiff dated October 19, 2005.  The Agency subsequently accepted for investigation Plaintiff's

15  complaint that she had been discriminated against based on her race (Asian American),

16  retaliation, disability, after she had been involuntarily transferred to the position of

17  Administrative Center Supervisor or Inspection Service Operations Coordinator (ISOC) on June

18  15, 2004 and then told on June 21, 2005  that she would not be returned to her assignment of

19  Secretary.  Said refusal to return plaintiff to her position of secretary was in violation of federal

20  regulations regulating short term assignments and motivated by retaliation, race, disability, and

21  hostile work environment and was disparate treatment of plaintiff in violation of Title VII of the

22  Civil Rights Act.  The refusal to return Plaintiff to her Secretary position caused great emotional

23  distress to plaintiff.  Plaintiff suffered a work place injury as a result of Defendant's actions

24  which caused Plaintiff to become disabled and resulted in a finding in her favor with the

25  Department of Labor's Office of Workers Compensation Programs on January 30, 2006.     The

26  Defendant Agency refused to investigate Plaintiff's claims of hostile work environment and

27  cancellation of Plaintiff's OIG detail and Plaintiff objected to the agency's refusal to investigate

28  JOINT CASE
MANAGEMENT STATEMENT                3

1   all claims contained in her EEO complaint.     Plaintiff was given approved OIG detail to begin on

2   April 30, 2005 and said detail was approved by  Inspector in Charge W. P. Atkins on Saturday,

3   April 16, 2005.  On Tuesday, April 19, 2005,  Defendant cancelled plaintiff's OIG detail stating

4   that OIG must pay for Plaintiff's detail assignment.   Said statements regarding the cancellation

5   of Plaintiff's OIG detail were false since The San Francisco Division of the Postal Inspection

6   paid for other employees in the department to work detail assignments.

7         At the conclusion of the investigation of Plaintiff's EEO complaint, complainant timely

8   requested a hearing before an EEOC Administrative Judge (AJ).  However, the AJ assigned to

9   the case determined *sua sponte* that the complaint did not warrant a hearing and over Plaintiff's

10   objections, issued a decision without a hearing on May 3, 2006.

11        On or about May 17, 2006, the EEOC AJ  issued its final order concerning Plaintiff's

12   EEO complaint and concluded that Plaintiff **had not proven** that she was subjected to conduct in

13   violation of Title VII and ruled against plaintiff, even though Plaintiff had never been given any

14   hearing in which to prove a violation of Title VII.

15        On June 19, 2006, Plaintiff filed an appeal from the EEOC's AJ's May 17, 2006 final

16   order concerning Plaintiff's equal employment Opportunity (EEO) complaint alleging

17   employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII),

18   as amended, 42 U.S.C. Section 2000e et seq., and Section 501 of the Rehabilitation Act of 1973

19   (Rehabilitation Act), as amended, 29 U.S.C. Section 791 et seq.

20        On March 16, 2007, The United States Equal Employment Opportunity Commission,

21   Office of Federal Operations, in Washington, D.C. affirmed the EEOC's AJ's decision to dismiss

22   the complaint without a hearing   Plaintiff appealed for a de novo trial to this federal court on

23   May 14, 2007.

24        Defendant Agency alleges that:

25        1. Plaintiff's claims that in February 2003, she signed a petition that resulted in the

26   removal of three US Postal Inspection Service mangers and that in June 2003, she participated in

27   a meeting with managers investigating the petition exceeded the 45 day time-frame for requesting

28   JOINT CASE
     MANAGEMENT STATEMENT                4

initial EEO intervention. As plaintiff failed to timely exhaust her administrative remedies with respect to these claims, this Court lacks jurisdiction to consider them.

2. Plaintiff's claims for fraud, negligent misrepresentation, intentional and/or negligent infliction of emotional distress, breach of contract, breach of contract, and breach of the covenant of good faith and fair dealing are pre-empted by Title VII, which constitutes plaintiff's exclusive remedy.

3. Defendant's actions were taken for legitimate, nondiscriminatory and non-pre-textual reasons:

Defendant denied plaintiff's request to return as a secretary because plaintiff's secretarial duties were easily absorbed by others and that plaintiff had been more effective as a supervisor. While plaintiff had performed well in her position as secretary, her replacements also performed as well, if not better, than she. At the same time, she was doing an excellent job in the supervisory position, outperforming her predecessor, and there was no viable replacement at the time.

Defendant scheduled plaintiff for a fitness-for duty examination and placed her on administrative leave because plaintiff made certain statements, which called into question her mental health. Plaintiff stated: "What do I have to do, do I have to hurt myself to make it clear that I have to be removed from the supervisory position?" She also remarked that she would "leave a letter behind" that it was INC Atkins' "fault." Plaintiff was subsequently diagnosed with Adjustment Disorder with Depression.

III. LEGAL ISSUES

1. Whether plaintiff failed to timely exhaust her administrative remedies as to her 2003 allegations.

2. Whether plaintiff's state law claims are pre-empted by Title VII.

3. Whether plaintiff was discriminated against on the basis of race (Asian), sex and handicap discrimination and retaliation for her prior EEO activity.

4. Whether plaintiff was retaliated against for engaging in lawful EEO activity.

JOINT CASE
MANAGEMENT STATEMENT                5

5.  Whether defendant has articulated legitimate and nondiscriminatory reasons for its actions.

6.  Whether any of defendant's actions constitute pretext for discrimination.

7.  The cause, nature and extent of plaintiff's alleged damages.

## IV. MOTIONS

Defendant intends to file a motion for summary judgment after completion of discovery, including plaintiff's deposition and an independent medical examination with a psychiatrist.  The parties contemplate pre-trial motions in limine.

## V. AMENDMENT OF PLEADINGS.

The parties do not anticipate amending the pleadings, except to the extent Plaintiff's counsel may drop some of the claims in an attempt to narrow the issues.  This will be done by the completion of Plaintiff's deposition.

## VI. EVIDENCE PRESERVATION

The parties request that all e-mails, voice mails, and other electronically-recorded material between and amongst the individuals listed in their disclosures be preserved to the extent possible.

## VII. DISCLOSURES

Defendant has served Rule 26 disclosures.  Plaintiff will serve Rule 26 disclosures prior to the case management conference.  Both parties will supplement initial disclosures as needed.

## VIII. DISCOVERY

Discovery has not yet commenced.  Defendant intends to serve interrogatories and requests for production of documents following the case management conference.  Once this paper discovery is received, defendant intends to depose plaintiff and have her examined by a psychiatrist.  Plaintiff intends to serve interrogatories and requests for production of documents and conduct four or five depositions.  The parties request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 24-

JOINT CASE
MANAGEMENT STATEMENT                6

interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30.

Defendant will require an independent medical examination of plaintiff by a psychiatrist since, she is claiming emotional distress damages, and for other reasons relevant to defendant's allegations. Therefore, at least one expert will be required.

The parties anticipate taking discovery on the following subjects: the allegations of discrimination and retaliation, and the cause, nature, and extent of plaintiff's claimed damages.

IX. CLASS ACTIONS

This is not a class action.

X. RELATED CASES

The parties are unaware of any related cases.

XI. RELIEF

Plaintiff seeks as damages partial pay and benefits lost from her employment, attorney fees and costs, and emotional suffering damages.

XII. SETTLEMENT AND ADR

Plaintiff proposes a mediation session with the chief judge of the San Francisco office of the Equal Employment Opportunity Commission, and also proposes a transfer to another federal agency for reinstatement. Defendant proposes a settlement conference with a Magistrate Judge to occur after defendant's motion for summary judgment has been adjudicated.

XIII. CONSENT TO MAGISTRATE FOR ALL PURPOSES.

Plaintiff consents to a Magistrate Judge for all purposes. Defendant does not consent to a Magistrate Judge for all purposes, but does consent to a Magistrate Judge to hear discovery disputes and to conduct a settlement conference after defendant's motion for summary judgment is adjudicated.

XIV    OTHER REFERENCES

None at this time.

IV    NARROWING OF THE ISSUES

JOINT CASE
MANAGEMENT STATEMENT                    7

The parties will work to narrow the issues through appropriate stipulations prior to the Pretrial Conference.

XVI.  EXPEDITED SCHEDULE.

The parties do not believe an expedited schedule is appropriate because (1) some of the witnesses have retired and may have left the Bay Area; (2) plaintiff's mental state is at issue and defendant intends to have her examined by a psychiatrist; and (3) defendant intends to make a motion for summary judgment.

XVII. SCHEDULING.

The parties request the following cut-offs: Discovery cutoff: May 16, 2008. Designation of experts: May 2, 2008. Last day to hear all dispositive motions: June 24, 2008.  The parties request a Pretrial Conference on August 5, 2008, and a trial on August 18, 2008.

XVIII. TRIAL.

Plaintiff requested a jury trial in the complaint, paragraph 29 and on the caption. Defendant reserves the right to request a jury trial in the event plaintiff withdraws her request for a jury trial.

XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are unaware of any persons or firms, partnerships, corporations (including parent corporations) or other entities that have any financial interest in the subject matter in controversy or in a party to the proceeding or has any other kind of interest that could be substantially affected by the outcome of the proceeding.

XX. OTHER MATTERS

Plaintiff believes that a mediation before one of the most knowledgeable mediators at the beginning of this case may facilitate a just, speedy, and inexpensive disposition of this matter. Defendant believes that any form of ADR would be premature prior to the adjudication of defendant's motion for summary judgment.

JOINT CASE
MANAGEMENT STATEMENT                    8

1

2  September 11, 2007

3

4

5

6  September 11, 2007

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF DANIEL RAY BACON

_____s_____
DANIEL RAY BACON
ATTORNEY FOR PLAINTIFF
MARILYN N. LEE

UNITED STATES ATTORNEY

_____s_____
JAMES A. SCHARF
ASSISTANT U.S. ATTORNEY
ATTORNEY FOR DEFENDANT
JOHN E. POTTER

JOINT CASE
MANAGEMENT STATEMENT                    9