JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   James.Scharf@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARILYN LEE, | CASE NO. C 07-254 SBA |
| Plaintiff, | |
| v. | DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT / ADJUDICATION |
| JOHN E. POTTER, UNITED STATES POSTMASTER GENERAL, | Date: September 16, 2008 Time: 1:00 PM |
| Defendant. | Courtroom: #3 Judge: Hon. Saundra Brown Armstrong |

─────

1

# TABLE OF CONTENTS

2

3    TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6              A.    The Summary Judgment Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7              B.    Plaintiff Has Not Established a Prima Facie
                     Case of Retaliation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8
                           1.    Plaintiff Did Not Engage In Protected Activity. . . . . . . . . . . . . 4
9
                           2.    The Denial of Plaintiff's Requests for Reassignment Was Not
10                               An Adverse Employment Action. . . . . . . . . . . . . . . . . . . . . . . . . 5

11                         3.    No Causal Link Exists Between the Protected Activity
                                 And the Adverse Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
12
               C.    Plaintiff Has Not Shown Pretext. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
13
       CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4   *Burlington Northern & Santa Fe Railway Co. V. White*, 548 U.S. 53 (2006). . . . . . . . . . . 5

5   *Carmen v. San Francisco Unified School District*, 237 F.3d 1026
    (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6

7   *Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . 2

8   *Clark County School District v. Breeden*, 532 U.S. 268, 121 S. Ct.
    1508 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9   *Fong v. American Airlines, Inc.*, 626 F.2d 759 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . 9

10  *Furnco Construction Co., v. Waters,* 438 U.S. 567 (1978). . . . . . . . . . . . . . . . . . . . . . . . . 10

11  *Hansen v. U.S.*, 7 F.3d 137 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

12  *Harcourt, Brace & Co.*, 104 F.3d 267 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

13  *Harlston v. McDonnell Douglas Corp.*, 27 F.3d 379 (8th Cir. 1994). . . . . . . . . . . . . . . . 5

14  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701 (1993). . . . . . . . . . . . . . . . . 7

15  *Hollins v. Atlantic Co.*, 188 F.3d 652 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16  *Jones v. Los Angeles Community College District*, 702 F.2d 203
    (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17

18  *Koelsch v. Beltone Electric*, 46 F.3d 705 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . 11

19  *Kortan v. California*, 217 F.3d 1104 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

20  *Mannatt v. Bank of America*, 339 F.3d 792 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . 8

21  *McDonnell Douglas Corp.,* 411 U.S. 792 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

22  *Millbrook v. IBP, Inc.*, 280 F.3d 1169 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23  *Palesch v. Missouri Comm. On Human Rights,* 233 F.3d 560 (8th Cir. 2000). . . . . . . . . 11

24  *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . 10

25  *Pejic v. Hughes Helicopters*, 840 F.2d 667 (9th. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

26  *Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

27  *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 120 S. Ct. 2097 (2000). . . . . . . . . . . . . . 9

28

*Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010 (9th Cir. 1986). . . . . . . . . . . . .  11

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742 (1993). . . . . . . . . . .  3

*Steckl v. Motorola, Inc.*, 703 F.2d 392 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . .  10

*Tarin v. County of Los Angeles*, 123 F.3d 1259 (9th Cir. 1997). . . . . . . . . . . . . . . . . . .  2

*Texus Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct.
1089 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Turner v. Texas Instruments*, 555 F.2d 1251 (5th Cir. 1977). . . . . . . . . . . . . . . . . . . .  11

*Vasquez v. Los Angeles*, 349 F.3d 634 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . .  8, 9

*Wall v. Amtrak*, 718 F.2d 906 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

**FEDERAL STATUTES**

Fed. R. Civ. P. 56(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

iii

## INTRODUCTION

As the party opposing summary judgment, plaintiff's burden was to identify with "reasonable particularity" any evidence of a genuine, material, triable issue of fact on her Title VII claim. Plaintiff's attorney reviewed the entire administrative record, plaintiff's personnel file and conducted five depositions of defendant's current and former employees, including the alleged retaliator (Mr. Atkins) and a disgruntled former co-worker (Ms. O'Leary). Despite being afforded a full and fair opportunity to investigate her claims, plaintiff has failed to come forward with sufficient evidence to support her subjective, speculative belief that she was the victim of unlawful retaliation.

Distilled to its essence, plaintiff claim is that Mr. Atkins refused her repeated requests to be reassigned back to her secretarial position to punish her for signing a petition and participating in an interview about that petition. Plaintiff effectively concedes that her state law claims of fraud, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and breach of the covenant of good faith and fair dealing are preempted by Title VII, which is her exclusive remedy. Plaintiff also effectively concedes that she lacks evidence to support her claims of race and disability discrimination. Nor does plaintiff argue in her opposition brief that she was the victim of a hostile work environment. Thus, the sole issues before the Court are whether plaintiff has established a prima facie case of retaliation and, if so, whether she can prove pretext. For the reasons set forth below, she has established neither. Accordingly, defendant is entitled to summary judgment.

## ARGUMENT

### A. The Summary Judgment Standards

On summary judgment, once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and noting that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex v. Catrett,* 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552-53 (1986). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-249, 106 S.Ct. 2505, 2510-11 (1986). An issue is "material" if the fact may affect the outcome of the case. *Id*. at 248. The existence of "colorable" evidence or evidence that "is not significantly probative" is not sufficient to avoid the entry of summary judgment. *Id.* at 249-50.

Plaintiff's own declaration containing her own speculative theories and allegations of retaliation would not be "specific" or "substantial" evidence. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993); *see also Tarin v. County of Los Angeles*, 123 F.3d 1259, 1265 ("Because [plaintiff] points to nothing in the record, other than her own conclusory statements, to refute the County's explanations for its decisions, we affirm the district court's grant of summary judgment [on plaintiff's] claims of unlawful retaliation.").

**B. Plaintiff Has Not Established a Prima Facie Case of Retaliation.**

In order to establish a *prima facie* retaliation claim under Title VII, plaintiff must prove: (1) She complained of an employment practice that she had a reasonable and good faith belief was unlawful under Title VII; (2) defendant subsequently took an adverse employment action against her; and (3) a causal link between plaintiff's protected activity and the defendant's adverse employment action against plaintiff. *Kortan v. California*, 217 F.3d 1104, 1112-13 (9th Cir. 2000). Once Plaintiff has made this initial showing of retaliation, the defendant has the

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

burden to articulate legitimate business-based reason(s) for its actions. The ultimate burden then shifts back to plaintiff to show that the reason articulated is pre-textual and that retaliation is the true reason for the adverse action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519, 113 S. Ct. 2742, 2753-54 (1993).

Applying a "kitchen sink" approach, plaintiff's opposition brief and declaration set forth many facts, but fails to explain why those facts are material to the specific deficiencies raised by defendant in the moving papers. It is not enough to assert, summarily, that "[t]he versions of the events and the material facts set forth by the Defendant and the Plaintiff bear little resemblance to one another." Plaintiff's brief at 15. Moreover, plaintiff's most significant factual contentions are immaterial. For example:

• Whether plaintiff's name as a signatory to the petition was released is not a material issue because plaintiff is not suing for invasion of privacy or mental distress caused by that act. Plaintiff does not assert that her name was released by Mr. Atkins, so it is not relevant evidence of his mental state.

• Whether plaintiff initially asked for the supervisor assignment is not a material issue. It is undisputed that she asked for an opportunity to development her management skills, although not this specific detail. In any event, she voluntarily accepted it. Her claim is not that the initial assignment was unlawful. Rather, she is claiming that Mr. Atkins' refusal to return her to her original position as secretary upon her request was retaliatory.

• Whether Mr. Birch promised plaintiff in June 2003 that she would not be retaliated against for meeting with him is not a material issue. He did not and could not promise plaintiff that she would never be reassigned. That Mr. Birch made this promise (which is nothing more than a statement that the agency would comply with Title VII's prohibition of retaliation) in no way suggests that the agency failed to keep that promise.

• Plaintiff's allegation that she was kept in the supervisor position so that she could be fired as part of the Reduction in Force ("RIF") is unsupported by the record. There is no evidence that Mr. Atkins was aware that there was going to be a RIF when he declined plaintiff's

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

3

1  requests to be reassigned back to her secretary position.  As Ms. Castor explained in her

2  deposition, plaintiff would not have been affected by the RIF, even in her supervisor position,

3  because she retained her original bid position as a secretary.  The RIF, however, would have

4  caused her detail to the supervisor position to be cancelled, and she would have resumed being a

5  secretary.  (Castor Dep. 94:15-23, Exhibit F to Scharf Dec.).  Ironically, she would have achieved

6  her objective had she only been more patient.

7      • Mr. Atkins' decision to give plaintiff a corner office is not material.  By any objective

8  standard, it was an improvement over her secretarial cubicle.  Plaintiff is just speculating that the

9  reason behind that move was to prevent plaintiff from hearing Mr. Atkins' private conversations,

10  which plaintiff was not entitled to hear in any event.

11     • How often plaintiff cried is also not material.  Plaintiff cried even before she was made

12  supervisor.  Recall that she had been crying when she first told Mr. Atkins about the petition,

13  long before he made her a supervisor.  (Exhibit J, Scharf Decl.)  In any event, plaintiff's crying

14  episodes after she was made a supervisor simply shows that she wanted her old job back, which

15  Mr. Atkins already knew because plaintiff requested to be reassigned back to her previous

16  position.  The critical point is that Mr. Atkins did not appreciate the extent to which plaintiff was

17  suffering serious mental distress because plaintiff admittedly was trying to remain professional in

18  her dealings with him.

19     Plaintiff, moreover, has not adequately responded to the arguments set forth by defendant

20  in the moving papers.

21          **1.  Plaintiff Did Not Engage in Protected Activity.**

22     The petition does not even contain the word "discrimination" and makes no reference to

23  whether Juliana Nedd chose Wanda Smith for a detail opportunity on the basis of Smith's race.

24  Plaintiff did not file an EEOC complaint regarding Smith's selection for that opportunity.

25  Whether plaintiff may have mentioned that issue during her interview with Mr. Birch (at which

26  Mr. Ahern was present) is immaterial, as it is undisputed that Mr. Atkins had no knowledge of

27  that interview or any statements made by plaintiff therein.  Moreover, there is no evidence that

28

either Mr. Ahern or Mr. Birch (who are upper level managers) were EEOC counselors.  And even if they were, they were not functioning in that capacity when they met with plaintiff, since plaintiff did not file an EEOC complaint regarding Smith's selection for that opportunity.

## 2.  The Denial of Plaintiff's Requests for Reassignment Was Not an Adverse Employment Action.

*Burlington Northern & Santa Fe Railway Co. V. White*, 548 U.S. 53 (2006) does not support plaintiff's position.  As the Burlington Court observed, the "reassignment of job duties is not automatically actionable."  *Id*. at 71.  The female plaintiff in Burlington was reassigned from a prestigious forklift operator position which many male employees coveted, to the less desirable position of track laborer.  In stark contrast, Lee asked for an opportunity to bolster her resume and Atkins complied by offering Lee the lateral reassignment to Supervisor of the Admin Center and by sending her to prestigious and sought after training sessions around the country to further develop her skills.  Given that plaintiff suffered no diminution  title, salary and benefits, a reasonable person would not consider the reassignment to be an adverse action.  The fact that plaintiff found her job to be more stressful does not make the reassignment actionable.  *See Harlston v. McDonnell Douglas Corp.*, 27 F.3d 379, 382 (8th Cir. 1994)(plaintiff's contention that her new job was more stressful is nothing "more disruptive than a mere inconvenience or an alteration of job responsibilities.").[1/]

Plaintiff also argues that the Agency violated its regulations by keeping her in the supervisory position for more than 90 days.  However, an agency's failure to follow its own regulations or contract provisions does not establish discriminatory intent, in and of itself.  *Burkhardt v. USPS*, Appeal No. 05880631 (Oct. 12, 1988); *Capella v. USPS*, Appeal No. 01842484 (June 30, 1986).  More importantly, plaintiff is simply wrong on the law.

At page 22 of her opposition brief, plaintiff cites Section 716.12(a) as the regulation she believes the Agency violated, but does not identify the source document for this section.  Presumably, she is

---

1/     Plaintiff also refers to the EEOC manual.  Although EEOC guidelines may be resorted to for guidance, they are not binding.  *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).  Thus, they cannot trump the Supreme Court's holding in Burlington Northern & Santa Fe Railway Co. that the anti-retaliation provision of Title VII only covers "employer actions that would have been materially adverse to a reasonable employee."  548 U.S. at 57.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

referring to the US Postal Service Handbook EL -312, "Employment and Placement", (for ease of reference relevant sections are attached as Exhibit A to Second Scharf Decl. filed herewith). However, a review of this section indicates it does not support her assertion that she was only limited for a period of 90 days to serve in the administrative center support position after which the Agency was mandated to return her to the INC Secretary position. Indeed, Section 716 is entitled "Position Filled Temporarily" and the prefatory statement states "When a career employee is temporarily absent, his or her position may be filled by temporary assignment ….". Therefore, this section contemplates the temporary absence of an incumbent employee in that position. Such was not the case in plaintiff's situation.

Additionally, it is Section 716.12(f) and not 716.12(a) that states a temporary assignment should not exceed 90 calendar days. However, it may be extended by the next higher level of management…" Moreover, Section 743.15 states that when a "vacant nonbargaining position", as is the case in this situation, "is filled by higher-level temporary assignment (detail) pending selection of a person for permanent placement, an employee may be assigned to the position for a total of not more than 120 calendar days.". However, exceptions to the 120-day limit are listed at Section 743.16 and specifically Section 743.16(a), that together state: "The 120-day limit does not apply if the assignment is: To a position at the same or lower level". Plaintiff was a Level-14 INC Secretary and assigned as a Level-14 Administrative Correspondence Center Supervisor. Consequently, management had the discretion to indefinitely retain her in that position as authorized by and in compliance with postal regulations.

### 3. No Causal Link Exists Between the Protected Activity and the Adverse Action.

Plaintiff all but ignores defendant's causation arguments in her opposition brief. Why would Mr. Atkins (who was not even working in California at the time the petition was submitted and discussed and arguably benefitted from it) even have a motivate to retaliate? He was not the subject of the petition or plaintiff's interview and had very limited knowledge of plaintiff's petition related activities. It is undisputed that he had absolutely no knowledge about plaintiff's interview or any statements made by plaintiff during that interview. If Atkins wanted to retaliate against plaintiff, then why did he wait so long to do so, give her cash awards, and recommend her for various course work in order to further develop her management and leadership qualities? As the Supreme Court has held, "[w]hatever the employer's

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

6

decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait . . . had a determinative influence on the outcome." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 1706 (1993). Plaintiff has not established through competent evidence that her protected trait had any influence on Mr. Atkins at all!

In *Carrasco v. San Ramon Valley Unified Sch. Dist.*, 258 Fed. Appx. 114 (9th Cir. 2007), an employee contended that the school district terminated her for circulating a petition opposing the school district's alleged treatment of the employee's supervisor. Affirming the district court's grant of summary judgment, the Ninth Circuit stated that the school district could not be aware that the employee had engaged in protected activity because the petition that the employee circulated was vague and made no reference to discrimination by the school district. Due to the school district's unawareness of the employee's activity, the employee could not prove a causal link between the petition and her termination. Similarly, the petition signed by plaintiff complained of low morale, unfairness and favoritism. Whether plaintiff complained about employment discrimination during her June 2003 interview is immaterial as there is no evidence that Mr. Atkins was aware of such statements.

Plaintiff completely fails to address defendant's temporal relationship argument. Mr. Atkins learned from plaintiff that she had signed the petition in September 2003. Yet, he did not transfer her to the supervisor position until June 2004. Given this delay, it can't be reasonably inferred that his decision to do so was influenced by his knowledge that she signed the petition. Cases accepting a temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case "uniformly hold that the temporal proximity must be 'very close.'" *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001) (no causal relationship shown where adverse action taken 20 months after claimed protected activity and citing with approval cases holding 3 month and 4 month periods insufficent); *Mannatt v. Bank of America*, 339 F.3d 792, 802 (9th Cir. 2003) (nine month gap not sufficiently close in time to warrant inference).

Plaintiff has also failed to point to any similarly situated employee[2] who was treated better than she. Specifically, she has not identified any specific individual who did not sign the petition who was allowed to return to an original assignment after becoming dissatisfied with a new assignment. The closest thing plaintiff has to a comparable is Ms. O'Leary, who was also a signatory to the petition, whose detail to the Postal Service was funded whereas plaintiff's requested detail to OIG was not. But Ms. O'Leary's situation is distinguishable on many levels:

Ms. O'Leary was detailed to the Postal Service. Plaintiff, however, wanted to be detailed to the OIG, a completely different entity. It is undisputed that there was a rift or negative relationship between PIS, where Ms. O'Leary worked, and the OIG, where plaintiff wanted to be deployed. In other words, there was a better relationship between PIS and the Postal Service than there was between PIS and OIG. Thus, even Ms. O'Leary admitted that may have been political relationship reasons that explain why PIS was ready to pick up Ms. O'Leary's salary as opposed to plaintiff's salary. More importantly, Ms. O'Leary's detail to the Postal Service occurred before Mr. Atkins was appointed INC in September 2003. (O'Leary Dep. 70:22- 72:7, Scharf Dec. Exhibit C). Thus, Ms. O'Leary is not an example of how Mr. Atkins treated a similarly situated employee more favorably than plaintiff.

Ms. O'Leary, it bears noting, has known plaintiff for almost 25 years, and helped her in this case by giving her documents. She rejected an offer by defense counsel to defend her at her deposition. Ms. O'Leary testified at length during her deposition how she felt PIS treated her unfairly with respect to a number of issues unrelated to this case. Yet, even this disgruntled former employee had no criticism of Mr. Atkins, and had no personal knowledge to support plaintiff's claim that Mr. Atkins retaliated against plaintiff for her involvement in the petition. (O'Leary Dep. 69:18-79:13; 82:21-23, Scharf Decl. Exhibit C).

---

[2]     Employees "are similarly situated when they have similar jobs and display similar conduct . . . of comparable seriousness." *Vasquez v. Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004); *Wall v. Amtrak*, 718 F.2d 906, 909 (9th Cir. 1983) (employees with no disciplinary record were not similarly situated to plaintiff); *Hollins v. Atlantic Co.*, 188 F.3d 652, 659 (6th Cir. 1999) (to be similarly situated, an employee must have the same supervisor, be subject to the same standards, and have engaged in the same conduct).

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

Plaintiff failed to establish even a *prima facie* case of retaliation because she has introduced no evidence that any similarly situated employee was treated differently than she was. *McDonnell Douglas Corp.*, 411 U.S. at 802-03 (summary judgment upheld where plaintiff introduced no admissible evidence that other employees were treated differently than he); *Fong v. American Airlines, Inc.*, 626 F.2d 759, 762 (9th Cir. 1980) (same); *Vasquez,* 349 F.3d at 641 (summary judgment was properly granted); *Pejic v. Hughes Helicopters*, 840 F.2d 667, 672 (9th Cir. 1988) (lack of evidence that employees not in protected class were treated more favorably is fatal to plaintiff's race discrimination claim).

### C. Plaintiff has not shown pretext.

In the moving papers, defendant articulates the legitimate business reasons why Mr. Atkins kept plaintiff in her supervisor role. In short, plaintiff was performing well in her new position and her previous position had been filled. Under plaintiff's supervision, the Administrative Support Center had improved productivity and reduced dissension among the staff. Even plaintiff admits that she outperformed her predecessor. Moreover, it is undisputed that Ms. Castor (who had no knowledge whatsoever of plaintiff's petition related activities) independently recommended to Mr. Atkins that plaintiff remain in the supervisor position. (Castor Dep. 90:14-91:21, Scharf Decl. Exhibit F).

Having proffered legitimate reasons for its actions, the burden shifted back to plaintiff to show defendant's reasons for its actions are false or a pretext, or that the defendant intentionally discriminated against her, or some combination of pretext and intentional discrimination. *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 148, 120 S. Ct. 2097, 2109 (2000). Plaintiff was required to produce "specific and substantial evidence challenging the credibility of the employer's motives." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (emphasis added). Plaintiff's speculation that . . . does not prove discrimination or pretext. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (plaintiff "must produce specific, substantial evidence of pretext").

Claiming that other employees were qualified to replace her as a supervisor, plaintiff challenges the reasonableness and necessity of Mr. Atkins' decision to keep her in her supervisor role. But this is not the same as proving that his proferred reasons were pretextual. Whether Mr.

Atkins could have found someone else to replace plaintiff is not material.  The point is that he felt that plaintiff was doing a good job in her new position and that she should continue in that capacity for the good of the division.  There is no evidence before this court that Mr. Atkins did not honestly hold this belief.  This court should not second-guess Mr. Atkins' reasons or substitute its judgment as to those reasons absent evidence that those reasons are wholly unreasonable.  *Furnco Construction Co.*, 438 U.S. 567; *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089 (1981); *Millbrook v. IBP, Inc.*, 280 F.3d 1169 (7th Cir. 2002).

As Mr. Atkins had legitimate non-discriminatory reasons for his decision to keep plaintiff in the supervisor position, defendant is entitled to summary judgment.  *Vasquez*, 349 F.3d at 641 (defendant's belief that plaintiff was insubordinate was a legitimate non-discriminatory reason for transferring plaintiff to a field position and issuing him a warning letter); *Jones v. Los Angeles Community College Dist.*, 702 F.2d 203, 205 (9th Cir. 1983) (employer's "belief in the truth of the charges [against plaintiff] was a 'legally sufficient' explanation for the adverse employment action."); *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1011 (7th Cir. 2000) (Plaintiff's "filing of a discrimination complaint does not prevent her employer from issuing written charges against her when her conduct warranted disciplinary action.").

*Steckl v. Motorola, Inc.*, 703 F2d 392, 393 (9th Cir. 1983) is directly on point: a plaintiff's "mere assertions that [defendant] had discriminatory motivation and intent in failing to promote him were inadequate, without substantial factual evidence, to raise an issue precluding summary judgment."  The plaintiff in *Steckl* established a prima facie case, but "failed to produce any specific, substantial evidence of pretext" and thus the Ninth Circuit affirmed the district court's grant of summary judgment for defendant employer.  *Id.*

Likewise, in *Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986), the Ninth Circuit affirmed the district court's decision to grant the defendant employer's motion for summary judgment because the plaintiff there failed to "offers specific and significantly probative evidence that the employer's alleged purpose is a pretext for discrimination."

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

1    As in *Steckl* and *Schuler*, plaintiff utterly fails to offer any evidence of pretext, much less

2  any "specific and significantly probative evidence" in support of her pretext argument.  Plaintiff

3  apparently feels that she was somehow entitled to return to her previous position because she had

4  been a good employee for many years.  She is inferring that she is the victim of retaliation

5  because she cannot think of any other reason why her request would not be granted and

6  essentially admitted this in her deposition.    Thus, her entire case is based on her speculative,

7  subjective belief of retaliation, which is insufficient to survive a motion for summary judgment.

8  *Koelsch v. Beltone Elec.*, 46 F.3d 705, 709 (7th Cir. 1995) (plaintiff's "self-serving deposition

9  testimony" is "insufficient to demonstrate a causal link between her report of purported sexual

10 harassment and her termination."); *Palesch*, 233 F.3d at 570 ("general allegations and opinion

11 testimony will not suffice" to prove a causal connection).

12 ## CONCLUSION

13    Plaintiff has not established a prima facie case of retaliation, let alone prove pretext.  At

14 most it can be said that Mr. Atkins' decision to keep plaintiff in the supervisor position was, in

15 retrospect, unfair or unwise. But "Title VII . . . doe[es] not protect against unfair business

16 decisions – only decisions motivated by unlawful animus." *Turner v. Texas Instruments*, 555

17 F.2d 1251, 1257 (5th Cir. 1977).  To the extent that plaintiff suffered emotional distress as a result

18 of Mr. Atkins' decision, her proper remedy was to seek redress through the worker's

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - C 07-254 SBA

compensation system, which she did.  For all the foregoing reasons, Defendant respectfully

requests that the Court grant his motion for summary judgment in its entirety.

DATED: September 2, 2008

_____

                                                    Respectfully submitted,
                                                    JOSEPH P. RUSSONIELLO
                                                    United States Attorney

                                                         /s/
                                                    _____
                                                    JAMES A. SCHARF
                                                    Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28