1  JOSEPH P. RUSSONIELLO (SCBN 44332)
   United States Attorney
2  JOANN M.. SWANSON (CSBN 88143)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
       150 Almaden Blvd., Suite 900
5      San Jose, California 95113
       Telephone: (408) 535-5082
6      FAX: (408) 535-5081

7  Attorneys for Federal Defendant

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                          OAKLAND DIVISION
11

12 MARILYN LEE,                          )   CASE NO. C 07-2540 SBA
                                         )
13         Plaintiff,                    )   ***CORRECTED CASE NUMBER***
                                         )
14      v.                               )   SECOND DECLARATION OF JAMES A.
                                         )   SCHARF IN SUPPORT OF
15 JOHN E. POTTER, UNITED STATES         )   DEFENDANT'S MOTION FOR
   POSTMASTER GENERAL,                   )   SUMMARY JUDGMENT
16                                       )
           Defendant.                    )   Date: September 16, 2008
17 _____)   Time: 1:00 p.m.
                                         )   Courtroom: #3
18                                           Judge: Hon. Saundra Brown Armstrong

19

20

21

22
         I, JAMES A. SCHARF, DECLARE THE FOLLOWING:
23

24   1.  I am an Assistant United States Attorney and counsel of record for the Federal

25 Defendant in this case.

26

27

28
   SECOND DECLARATION OF JAMES A. SCHARF IN SUPPORT OF DEFENDANT'S MOTION
   FOR SUMMARY JUDGMENT
   CASE NO. C 07-2540 SBA                  -1-

2. The statements made in this Declaration are made on the basis of my personal knowledge and/or review of my file. I have personal knowledge of the matters in this declaration and could competently testify if called upon as a witness.

3. Attached as Exhibit A to this declaration are true and correct copies of excerpts from the United States Postal Service Handbook EL-312 - Employment and Placement, which are cited in Defendant's Reply Brief.

I declare under penalty of perjury, that the matter and facts set forth in this Declaration correct and true.

Executed on September 2, 2008, in San Jose, CA

_____/S/_____
James A. Scharf
Assistant United States Attorney

SECOND DECLARATION OF JAMES A. SCHARF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 07-2540 SBA                -2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

SECOND DECLARATION OF JAMES A. SCHARF IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
CASE NO. C 07-254 SBA                -3-



# Handbook EL-312 - Employment and Placement
September 2001, Updated With Postal Bulletin Revisions Through April 24, 2008

- Update Notice

- Transmittal Letter

- Summary of Changes
  - Background
  - Overall Revisions
  - Specific Revisions
  - Chapter 1
  - Chapter 2
  - Chapter 3
  - Chapter 4
  - Chapter 5
  - Chapter 6
  - Chapter 7
  - Appendixes

- 1 General
  - 11 Overview
  - 12 Responsibility
  - 13 Multicomponent Employment and Placement Process

- 2 Recruitment
  - 21 Planning and Coordination
  - 22 Conducting Recruitment Activities
  - 23 Sources of Recruitment

- 3 Examinations
  - 31 General
  - 32 Entrance Examination Process
  - 33 Inservice Examination Process
  - 34 Special Examinations
  - 35 Rated Applications
  - 36 Performance Tests
  - 37 Review of Rating Requests

- 4 Registers
  - 41 Introduction
  - 42 Merging New Scores With Existing Ratings
  - 43 Usage and Duration
  - 44 Transfer of Eligibility and Canvassing
  - 45 Other Applicant Processes
  - 46 Change to Register Configuration

- 6 Selection
  - 61 Selection Preparations
  - 62 Selection Procedures
  - 63 Auditing Selection Actions

- 7 Assignment, Reassignment, and Promotion
  - 71 Introduction
  - 72 Bargaining Positions
  - 73 Initial Level Supervisor Positions
  - 74 EAS Positions
  - 75 Associate Supervisor Positions
  - 76 Bargaining Position Qualification Standards
  - 77 Employment Restoration After Military Service

- Appendix A

- Appendix B

- Appendix C

- Appendix D
  - D1 Dual Compensation Administrative and Tracking Procedures for Postal Service Annuitants
  - D2 Tracking Dual Compensation Waivers

- Appendix E



## 716 Positions Filled Temporarily

When a career employee is temporarily absent, his or her position may be filled by temporary assignment, reassignment, or promotion. The applicant must understand the terms of such an assignment — specifically, that when the absent employee returns, the applicant returns to the position he or she occupied prior to the temporary assignment (see 716.23, Preappointment Statement).
Examples of temporary absences of an incumbent that justify filling a position temporarily include the following:

   a. Serving active military duty.
   b. Serving as a national officer of a postal employee organization.
   c. Being temporarily assigned and/or promoted to another position.
   d. Being appointed as an officer-in-charge.

### 716.1 Temporary Assignments

*Temporary assignment* is the placement of an employee into an established position for a limited period of time to perform duties and responsibilities other than those contained in the employee's normal position description. A formal reassignment and/or promotion personnel action is not required.

#### 716.11 Temporary Bargaining Assignments

Unless stated in the relevant collective bargaining agreement, employees in temporary bargaining assignments mus meet the qualification standards for the positions to which they are assigned. When the relevant collective bargainin agreement contains specific provisions regarding higher level bargaining assignments, these provisions must be followed.

#### 716.12 Temporary Assignments to Nonbargaining Positions

The following general policies apply to temporary assignments to nonbargaining positions:

   a. Temporary assignments to nonbargaining positions are made only for the shortest practical time limits and may be used to meet emergencies caused by abnormal workload, a change in mission or organization, or unanticipated absences.
   b. When a nonbargaining employee is absent (except postmaster), every effort must be made to have the dutie absorbed by other employees of the same or higher level.
   c. The appointing official or designee may temporarily assign any qualified employee to meet service needs.
   d. Normally, priority is given to unassigned employees (i.e., employees whose positions have been abolished).
   e. A temporary assignment may be terminated at any time, either at management's discretion or at the employee's request.
   f. Temporary assignment of an employee to a position at the same or lower level should not exceed 90 calend: days unless extended by the next higher level of management above the appointing official. (See 716.144, 120-Day Time Limit, for time limits on temporary assignment to a higher-level position.)
   g. Temporary assignments must be documented using Form 1723, *Assignment Order*.

#### 716.13 Temporary Assignment to Higher Level — Bargaining

See 716.11, Temporary Bargaining Assignments.

#### 716.14 Temporary Assignment to Higher Level — Nonbargaining

##### 716.141 Necessity

No one may be temporarily assigned to a higher-level nonbargaining position unless such an assignment is absolutely essential to the effective operations of the Postal Service, and the person selected assumes the full core responsibilities of the higher-level position.

#### 716.142 Higher Management Level Approval for Assignments of 30 Calendar Days

Higher-level temporary assignments of 30 or more calendar days require approval from next level of management.

#### 716.143 Higher Level Assignments Limited to 90 Calendar Days Unless Extended

Temporary assignment to a higher-level position, during the absence of the incumbent, is limited to a maximum period of 90 calendar days, which may be extended with the prior approval of the vice president of Area Operations

#### 716.144 120-Day Time Limit

Temporary assignment to a higher-level vacant position, *pending selection of a person for permanent placement*, is limited to a total of not more than 120 calendar days. If the employee on temporary assignment could become or is potential candidate for the vacant position, the higher-grade assignment must be terminated before the 121st day. I that employee is not a candidate, the next higher-level manager over the manager with the vacancy may approve a extension of that employee's temporary assignment beyond 120 days, until a selection is made and the new employee assumes the position. (See 743.16, Exceptions to the 120-Day Limit, for exceptions.)

### 716.2 Temporary Promotion

Temporary promotion is limited to situations where it is impractical to fill a higher-level position by other temporary means. Such situations include, but are not limited to, long-term absences of the incumbent or the need to defer the permanent filling of a position for a lengthy period of time.

#### 716.21 Selection Procedures

Temporary promotions are filled using competitive promotion procedures. When the position is filled permanently, competitive procedures are used again. An employee who has served in a position through competitive temporary promotion is eligible to recompete, regardless of the duration of the temporary promotion.

#### 716.22 Appointment Duration

Temporary promotion may be made for 1 year or less, depending upon need. If the employee's services are still needed in the temporary assignment after the initial period expires, it must be determined whether the situation is st temporary, or whether the position should be filled permanently. A temporary promotion may not be extended beyond 1 year without approval of the district Human Resources manager. No temporary promotion may exceed 2 years. Unless extended, a temporary promotion automatically terminates on a specified date. However, at the discretion of management, it may be terminated at any time prior to the automatic termination date.

#### 716.23 Preappointment Statement

Applicants for temporary promotion must be informed of the conditions of the appointment including the expected duration. Persons selected must be assured of return to their regular positions when no longer needed in the temporary assignments, whether or not the expected period has ended. To avoid any misunderstanding at a later date, the following statement should be obtained from any employee selected for temporary promotion:

> *I understand that my selection for the position of (position title) is temporary and that I will be returned to my present permanent position upon termination of the temporary promotion.*

Copyright © 1999-2008 USPS. All Rights Reserved.



## 743 Selection Process

### 743.1 Internal Recruitment

The following sections describe the characteristics of the internal recruitment process.

#### 743.11 When to Consider Noncompetitive Applications

Management should consider noncompetitive applications for voluntary lateral reassignment or a change to lower level at any time they are received, before the competitive announcement process begins, during the process, or after the competitive applications have been assessed.

Individuals with saved grade are considered noncompetitively for positions up to the level of their former position, or at any intervening level.

#### 743.12 Competitive Selection

If a position is not filled through noncompetitive procedures, then it is filled competitively through employee application in response to a vacancy announcement.

#### 743.13 Defining the Area of Consideration

Selecting officials are responsible for defining the area of consideration. The minimum area of consideration should consist of no less than all eligible career EAS employees within the district.

All eligible EAS employees (including area, Headquarters, and Headquarters field units) may apply if their current work location — where they physically report to work — is physically located within the geographic (service) area of the organizational unit stated in the job posting.

After the assessment of potential applicants, the area of consideration may be expanded to include (a) bargaining employees, (b) larger geographic territory (i.e., area-wide or Postal Service-wide), and/or (c) external advertisemen

#### 743.14 Determining Eligibility

Career employees are eligible to apply for EAS positions if they are within the area of consideration.

Other employees are eligible under the following circumstances:

a. *Extended eligibility.* Eligibility is extended for certain postmaster positions, as follows:
   1. *EAS-16 and below postmaster* — Postmaster relief/leave replacements (PMR/LRs) may apply and compete for postmaster vacancies within their district. When the PMR/LR applies for his or her Post Office, the PMR/LR must be considered by the selecting official at that Post Office.
   2. *Postmaster (self-nomination)* — Local career employees from the vacancy office who are qualified an eligible for the postmaster position may exercise the right of self-nomination to ensure review by the selecting official. This opportunity applies to all career EAS employees at the vacancy office, as well a career bargaining employees for those postmaster positions advertised for EAS and bargaining employees.
b. *Special nomination for EAS positions.* Vice presidents of Area Operations and the manager of Corporate Personnel Management may nominate employees from any location within the Postal Service for any vacancy advertised so that they may be considered in competition with applicants from within the area of consideration. This nomination process is to ensure expanded opportunities to resolve saved grade situations, hardship, and/or trailing spouse cases.

#### 743.15 120–Day Time Limit on Higher–Level Temporary Assignment

When a vacant nonbargaining position is filled by higher–level temporary assignment (detail) pending selection of a person for permanent placement, an employee may be assigned to the position for a total of not more than 120 calendar days. A vacant position is one where the previous employee has been separated or has been placed in another job. If the employee on temporary assignment could become or is a potential candidate for the vacant position, the higher–level assignment must be terminated before the 121st day. If the detailed employee is not a candidate, the next higher–level manager over the manager with the vacancy must verify the noncandidate status o